IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MEBANE and ANGELA WORSHAM, )
on behalf of themselves and all others )
similarly situated, )
)
Plaintiffs, )
)
v. ) 1:18-CV-892
)
GKN DRIVELINE NORTH AMERICA, INC., )
)
Defendant. )
)

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiffs allege that Defendant failed to pay its employees for all hours worked in violation of state and federal law. (ECF No. 87 ¶¶ 92–115.) On November 5, 2020, this Court certified a Class to include employees affected by Defendant's policy of rounding down hours worked before and after their shifts were scheduled to begin and end. *Mebane v. GKN Driveline N. Am., Inc.*, 337 F.R.D. 479, 495 (M.D.N.C. 2020). Before the Court is Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, wherein Plaintiffs seek to add allegations that some or all class members were also not paid for hours worked during scheduled lunch breaks. (ECF No. 107.) For the reasons that follow, Plaintiffs' motion will be granted, and Plaintiffs will be permitted to file their Fourth Amended Complaint.[1]

---

[1] For clarity and as discussed more fully herein, this Order does not alter the certified Class in this matter, which remains limited to employees who were not compensated all promised, earned, and

## I. BACKGROUND

Plaintiffs first initiated this suit on October 23, 2018. (ECF No. 1.) They filed a First Amended Complaint dismissing one Defendant on January 2, 2019, (ECF No. 18), and a Second Amended Complaint on September 4, 2019, (ECF No. 43). The Second Amended Complaint alleged that Defendant failed to compensate its employees "for all hours worked" in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6.[2] (*Id.* ¶¶ 99–128.)

Plaintiffs moved to certify two classes on October 29, 2019—a FLSA Class and a NCWHA Class. (ECF Nos. 64; 66.) On November 5, 2020, this Court granted conditional certification of the FLSA class but granted certification to the NCWHA Class only in part. *Mebane*, 337 F.R.D. at 495. With respect to the NCWH Class, Plaintiffs had sought certification of a class to include all employees who "were not compensated all promised, earned, and accrued wages . . . and/or have had improper deductions taken from their wages" over a two-year time period. *Id.* at 488. They alleged four distinct unlawful practices by Defendant, including (1) rounding down employees' hours, (2) failing to pay employees for a promised paid lunch break, (3) failing to pay a premium rate for second or third shift work, and (4) deducting the cost of uniforms from paychecks. *Id.* (citing ECF No. 67 at 10–14). This Court found that the NCWHA Class could be certified only as to the first alleged practice of rounding down employees' hours, and thus certified the following class:

---

accrued wages *due to Defendant's rounding policy* and does not include wages withheld due to Defendant's automatic lunch deduction.

[2] The Second Amended Complaint also included several individual causes of action brought by Plaintiff James Mebane that are not relevant to the present motion. (*See* ECF No. 43 ¶¶ 129–75.)

2

> Individuals who were, are, or will be employed at Defendant GKN's North Carolina facilities on the manufacturing floor in non-managerial positions, were not compensated all promised, earned, and accrued wages due to Defendant's rounding policy, including, but not limited to, compensation for all hours worked up to forty (40) in a week and for hours worked above forty (40) in a week within two years prior to the commencement of this action, through the present.

*Id.* at 494.

In response, Plaintiffs filed a consent Motion for Leave to File a Third Amended Complaint on January 4, 2021, which was granted the next day. (ECF No. 86.) The Third Amended Complaint "remove[d] allegations relating to claims for unpaid lunch breaks" and other allegations. (*Id.* ¶ 5.)

Plaintiffs filed the present motion seeking leave to file a Fourth Amended Complaint on June 23, 2021. (ECF No. 107.) They seek to add allegations that class members were not compensated when they worked through scheduled lunch breaks. (ECF No. 108 at 3.) Plaintiffs argue that this amendment merely provides additional facts to clarify their NCWHA claim by identifying the full scope of uncompensated work hours. (*Id.* at 1.) Defendants argue that Plaintiffs merely seek to revive their previous claim, dismissed in the Third Amended Complaint, that Defendant promised to provide a paid lunch break but failed to do so. (ECF No. 110 at 1.)

## II. LEGAL STANDARD

The determination of whether to grant or deny a motion to amend a pleading under Rule 15(a) lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Deasy v. Hill*, 833 F.2d 38, 40 (4th Cir. 1987). Under Rule 15(a), courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

3

"This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Indeed, motions to amend are "[s]o useful . . . and of such service in the efficient administration of justice that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears." *New Amsterdam Cas. Co. v Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963).

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. "The further the case [has] progressed . . . , the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Id.* Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend. *Id.* Courts must look to the "particular circumstances" of the case to determine whether an amendment is prejudicial or in bad faith. *Scott v. Fam. Dollar Stores, Inc.*, 733 F.3d 105, 118 (4th Cir. 2013).

### III. DISCUSSION

Defendant argues that Plaintiffs' motion is futile, in bad faith, and would result in prejudice to Defendant. First, Defendant complains that the parties' deadline to amend a pleading was April 12, 2021—thirty days after the close of the opt-in period and class notice period on March 22, 2021. (ECF No. 110 at 8 (citing ECF Nos. 29 ¶ 5(a); 88 at 2).) The present motion, filed more than two months past this deadline, it argues, is untimely. (*Id.*)

Plaintiffs counter that the Joint Rule 26(f) Report adopted by this Court allowed them to "move to amend their pleadings thereafter if new facts or circumstances are discovered that warrant such amendment." (ECF Nos. 29 ¶ 5(a); 111 at 8.) Such new circumstances arose, they argue, when they discovered a disagreement between the parties as to whether claims arising from unpaid time worked during the scheduled lunch breaks was included in the NCWHA Class certified by this Court. (*See* ECF No. 108 at 2.)

The Court agrees that Plaintiffs' motion is untimely. The Court's Order certifying the NCWHA Class explicitly limited the Class to claims alleging that work was not compensated "due to Defendant's rounding policy." *Mebane*, 337 F.R.D. at 494. Defendant's practice of automatically deducting 30 minutes from paychecks for each unpaid lunch was not part of its rounding policy. (*See* ECF No. 65-1 at 177:2–180:19 (distinguishing between the rounding policy and deductions for lunch.) Thus, the Court's Order put Plaintiffs on notice that their NCWHA Class did not include claims related to automatic deductions for lunch, and Plaintiffs had ample opportunity to add those claims to their complaint. Nevertheless, the Court is mindful that "[d]elay alone . . . is an insufficient reason to deny" a motion to amend. *Laber*, 438 F.3d at 427. Thus, the Court cannot deny Plaintiffs' motion purely on this ground.

Defendant next argues that Plaintiffs' proposed amendment is futile and made in bad faith because it merely attempts to reframe and reassert their prior claim that the 30-minute lunch deduction broke Defendant's promise to Class members that their lunch would be paid. (ECF No. 110 at 9.) This previous allegation was removed in Plaintiffs' Third Amended Complaint, so reassertion of it here, they argue, demonstrates bad faith. (*Id.*) On this, the Court disagrees. Plaintiffs' prior allegation was that Defendant promised to pay Class

5

members during lunch and therefore owed those members regardless of whether the members worked during lunch or not. Plaintiffs now allege that some members worked during some lunches, and therefore Defendant owes members for that time actually worked. Proving this allegation will require different evidence than proving Plaintiff's earlier claim of a promised paid lunch: where the latter required proof of a promise, the former requires evidence that Plaintiffs and Class members actually worked during lunch but were not paid. Again, while Plaintiffs could have asserted these claims at any point during this lengthy litigation, their delay in doing so does not on its own demonstrate bad faith.

Finally, Defendant argues that granting Plaintiffs' motion would cause it prejudice in that it "would unnecessarily incur tremendous costs and expense in litigating a meal break claim on a class-wide basis that has no commonality or typicality among the putative class—a class that it has already successfully defended." (ECF No. 110 at 12.) The Court, however, need not address these arguments at this stage. As discussed, Plaintiffs' newly asserted claim that Class members were not paid for hours worked during lunch falls outside the scope of the NCWHA Class certified by this Court, which is expressly limited to claims arising from Defendant's rounding practice. Plaintiffs must file a separate motion to amend the Court's Order or to certify a new Class, at which time this Court will consider Defendant's arguments on numerosity, commonality, typicality, and adequacy. Finally, while granting Plaintiffs' motion may lead to prejudice to Defendant other than that addressed above, the Court finds that prejudice is reduced because (1) Plaintiffs seek to augment an existing cause of action rather than add a new cause of action, and (2) discovery was still ongoing at the time the

6

motion was filed.  *See Scott*, 733 F.3d at 118–19.  Thus, the Court finds that granting Plaintiffs' motion will not cause undue prejudice to Defendant.

Because the Court does not find that Plaintiffs' proposed Fourth Amended Complaint is futile, unduly prejudicial, or in bad faith, the Court will grant the motion.  The Court will not, however, alter or amend its previous Order or certify a new class at this time.  Plaintiffs must move separately for certification of a class that includes claims for unpaid time worked during lunch.

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Leave to File a Fourth Amended Complaint, (ECF No. 107), is GRANTED as stated herein.

This, the 10th day of March 2022.

/s/ Loretta C. Biggs
United States District Judge