IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MEBANE and ANGELA WORSHAM, )
on behalf of themselves and all others )
similarly situated, )
)
                Plaintiffs, )
)
      v. )      1:18-CV-892
)
GKN DRIVELINE NORTH AMERICA, INC., )
)
                Defendant. )
)

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

    Before the Court are Defendant's Motion for Partial Summary Judgment, (ECF No. 130), Defendant's Motion for Decertification, (ECF No. 133), and Plaintiffs' Motion to Strike, (ECF No. 135).

    Defendant filed its Motion for Partial Summary Judgment on November 29, 2021, along with an accompanying Memorandum of Law ("Summary Judgment Memorandum"), a separate Statement of Undisputed Material Facts ("Statement of Facts"), and several evidentiary documents. (ECF Nos. 130–32.) The Summary Judgment Memorandum contains approximately five pages of factual assertions with citations to the Statement of Facts. (ECF No. 131 at 6–11.) The Statement of Facts, in turn, is a list of these and other factual assertions with citation to evidence in the record. (ECF No. 132.) The Summary Judgment Memorandum does not cite directly to record evidence. (*See* ECF No. 131 at 6–12.) Some

paragraphs in the Statement of Facts are verbatim duplicates of those in the Summary Judgment Memorandum, (*see, e.g.*, ECF No. 132 ¶¶ 1–13), while others are not included in the Memorandum, (*see, e.g.*, *id.* ¶¶ 14–24).

Defendant filed its Motion for Decertification on November 29, 2021. (ECF No. 133.) As above, Defendant supports the motion with a Memorandum of Law ("Decertification Memorandum") and a separate Summary of Evidence. (ECF Nos. 134; 134-1.) Again, the Memorandum contains a brief recitation of facts with citations to the Summary of Evidence. (ECF No. 134 at 7–13.) The Summary of Evidence is a chart that lists these and other factual assertions, direct quotes from the record that purportedly support these assertions, and citations to evidence in the record. (ECF No. 134-1 at 8–76.) Like the Statement of Facts discussed above, it appears that this Summary of Evidence contains facts that are not in Defendant's Memorandum. (*See, e.g.*, *id.* ¶¶ 15–17, 21–24, 27, 31–34, 40.)

Plaintiffs filed a Motion on December 22, 2021, to strike the Statement of Facts, Summary of Evidence, and fact sections of the Memoranda, as well as all other evidentiary documents attached to the Decertification Memorandum. (ECF No. 135.)

While it may be commonplace or even mandatory to submit a document like Defendant's Statement of Facts or Summary of Evidence alongside a motion for summary judgment in other jurisdictions, (*see* ECF No. 142 at 13–14), such a submission is not proper in the Middle District of North Carolina, *see* LR 56.1(e); *Volumetrics Med. Imaging, Inc. v. ATL Ultrasound, Inc.*, 243 F. Supp. 2d 386, 398 (M.D.N.C. 2003). In this District, all factual assertions must be made in the opening brief and supported by a citation to the record. LR 56.1(e); *see* LR 7.2(a)(2). This Court has additionally specified that:

> Statements in support of material facts . . . must include <u>specific</u> and not general references to the parts of the record that support each of the statements, such as a title of a numbered reference to a document, the name of a deponent and the page(s) of the deponent's deposition, or the identity of an affidavit or declaration and the specific paragraph relied upon. <u>Pinpoint citations are required.</u>

U.S. District Judge Loretta Copeland Biggs, *Policies and Procedures: General Matters, Civil Cases, and Criminal Cases* 10, https://www.ncmd.uscourts.gov/sites/ncmd/files/JudPref_LCB.pdf.

Defendant argues that it is permitted to submit its evidentiary summaries under Rule 1006 of the Federal Rules of Evidence. (ECF No. 142 at 15–16.) Rule 1006 allows a party to "use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006. Rule 1006 concerns the admission of evidence at trial and is designed "to reduce the volume of written documents that are introduced into evidence." *United States v. Janati*, 374 F.3d 263, 272 (4th Cir. 2004). Summaries must be "accurate compilation[s]" of "voluminous records." *Id.* (emphasis omitted). A district court has discretion to admit or exclude summaries under Rule 1006. *Id.* at 273.

Here, neither Defendant's Statement of Facts nor Summary of Evidence is a proper summary within the meaning of Rule 1006. The Statement of Facts is a list of factual assertions and citations that must be included in Defendant's Summary Judgment Memorandum. And Defendant's Summary of Evidence is merely a list of quotations pulled from a wide range of unrelated evidentiary documents that support statements made in its Decertification Memorandum. The Court offers no opinion on whether a proper summary of related evidence may be appropriate to aid the jury at trial. On summary judgment, however, Rule 1006 does not supplant the Local Rules.

Thus, Defendant's Statement of Facts and Summary of Evidence were improperly filed. Given the developments in this case since Defendant filed its motions, (*see* ECF Nos. 145; 154), the Court finds that the appropriate remedy is to deny Defendant's motions without prejudice. Defendant shall have thirty days to file new motions in compliance with this Order.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Partial Summary Judgment, (ECF No. 130), is **DENIED WITHOUT PREJUDICE**. Defendant may refile its motion in compliance with this Memorandum Opinion and the Local Rules within thirty days of this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion for Decertification, (ECF No. 133), is **DENIED WITHOUT PREJUDICE**. Defendant may refile its motion in compliance with this Memorandum Opinion and the Local Rules within thirty days of this Order.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Strike, (ECF No. 135), is **DENIED AS MOOT**.

This, the 2nd day of August 2022.

/s/ Loretta C. Biggs
United States District Judge