IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES MEBANE and ANGELA WORSHAM, <br><br>*Plaintiffs*, <br><br>v. <br><br>GKN DRIVELINE NORTH AMERICA, INC., <br><br>*Defendant*. | CA No.: 1:18-cv-892-LCB-LPA |

**MEMORANDUM OF LAW IN SUPPORT OF
JOINT MOTION FOR APPROVAL OF SETTLEMENT**

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. FACTUAL AND PROCEDURAL HISTORY ....................................................... 1

    A. The Nature of Plaintiffs' Claims ............................................................. 1

    B. Procedural History of the Case ................................................................ 3

    C. Investigation and Research of Plaintiffs' Claims .................................... 3

    D. Settlement Negotiations and Court Hosted Settlement Conference ........ 4

III. SUMMARY OF SETTLEMENT TERMS ............................................................ 5

    A. Monetary Terms ...................................................................................... 5

    B. Dismissal of the Lawsuit with Prejudice and Plaintiffs' Petition for Attorneys' Fees and Costs ............................................................. 5

    C. Release .................................................................................................... 5

    D. Denial of Liability .................................................................................. 5

IV. ARGUMENT ...................................................................................................... 6

    A. The Settlement Meets the Requirement for Approval of an FLSA Settlement ............................................................................................... 6

    B. There is a Bona Fide Dispute Over FLSA and NCWHA Provisions ........ 7

    C. The Settlement is Fair and Reasonable ................................................... 8

        1. The Extent of Discovery That Has Taken Place ............................... 8

        2. The Stage of the Proceedings ............................................................ 9

        3. The Absence of Fraud or Collusion .................................................. 9

        4. The Experience of Plaintiffs' Counsel .............................................. 9

        5. The Probability of Plaintiffs' Success on the Merits ...................... 10

        6. The Amount of the Settlement in Relation to the Potential Recovery ......................................................................................... 10

|   |   | 7. | Plaintiffs' Attorneys' Fees and Costs............................................... 11 |
|---|---|---|---|
| V. | CONCLUSION ............................................................................................... 11 | | |

iii

# TABLE OF AUTHORITIES

**Cases**

*Brooklyn Sav. Bank v. O'Neil*,
   324 U.S. 697 (1945) .................................................................................................. 6

*Flinn v. FMC Corp.*,
   528 F.2d 1169 (4th Cir. 1975) ................................................................................ 8, 9

*Gagliastre v. Captain George's Seafood Rest., LP*,
   No. 2:17cv379, 2019 WL 2288441 (E.D. Va. May 29, 2019) ....................................... 9

*Kirkpatrick v. Cardinal Innovations Healthcare Solutions*,
   352 F.Supp.3d 499 (M.D.N.C. 2018) ..................................................................... 6, 7

*Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*,
   679 F.2d 1350 (11th Cir. 1982) ................................................................................. 6

*Patel v. Barot*,
   15 F. Supp. 3d 648 (E.D. Va. 2014) ........................................................................ 10

*Taylor v. Progress Energy, Inc.*,
   493 F.3d 454 (4th Cir. 2007), *reinstating* 415 F.3d 364 (4th Cir. 2005) ....................... 6

**Statutes**

29 U.S.C. § 216 .................................................................................................................. 1
29 U.S.C. § 216(b) ....................................................................................................... 6, 11
29 U.S.C. § 216(c) ............................................................................................................. 6
29 U.S.C. §§ 201, *et seq.* .................................................................................................. 2
N.C. Gen. Stat. § 95-25.13 ............................................................................................... 3
N.C. Gen. Stat. § 95-25.6 ................................................................................................. 2
N.C. Gen. Stat. §§ 95-25.1, *et seq.* .................................................................................. 2

## I. INTRODUCTION

Pursuant to 29 U.S.C. § 216, the undersigned counsel, on behalf of Plaintiffs James Mebane and Angela Worsham ("Plaintiffs") and Defendant GKN Driveline North America, Inc. ("Defendant" or "Defendant GKN") (collectively the "Parties"), submit this Memorandum in Support of the Parties' Joint Motion for Approval. Subject to Court approval, the Parties have settled this wage and hour action. The settlement satisfies all criteria for approval of a Fair Labor Standards Act ("FLSA") settlement because it is a fair and reasonable resolution of a bona fide dispute and is the result of arm's-length settlement negotiations conducted with the assistance of the Honorable Magistrate Judge Patrick Auld and counsel for the Parties, well-versed in wage and hour law. Therefore, this Court should grant the Joint Motion and approve the Parties' settlement.

For the reasons set forth below, the Parties respectfully request that the Court enter an order approving the terms contained in the Settlement Agreement (the "Settlement Agreement"). For the Court's convenience, the Settlement Agreement is attached as Exhibit A.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. The Nature of Plaintiffs' Claims

Defendant GKN operates three regional manufacturing facilities in North Carolina, one of which employed Plaintiffs as non-exempt, hourly paid employees until April 2018. Dkt. 43 ¶¶ 2, 14-16. Plaintiffs typically worked overlapping eight and one-half hour shifts, five days per week, with one thirty-minute lunch as was typical of employees in their

1

positions. *Id*. ¶¶ 36, 39, 45. During "seasons of heavy demand," employees were additionally subject to mandatory overtime shift assignments. *Id*. ¶ 45. Plaintiffs have alleged that, during this time and in subsequent years, "Defendant's pay practices and policies [have been] in direct violation of FLSA and the NCWHA" and seek past wages, damages, for several failures to adequately compensate employees. *Id*. ¶ 45.

Plaintiff Mebane worked for Defendant in its Mebane, North Carolina location as a non-exempt, hourly paid Machine Operator, and later as a Line Inspector, from approximately 2011 until on or about April 23, 2018. Dkt. 1 ¶ 37; Dkt. 18 ¶ 35. Plaintiff Worsham worked for Defendant in its Mebane, North Carolina location as a non-exempt, hourly paid Machine Operator. Dkts. 87, 146 ¶ 15. She was directly hired by GKN in July 2017 and remained in that position until April 2018. *Id*.

On October 23, 2018, Named Plaintiffs filed this Action against Defendant GKN. Dkts. 1,18, 87, and 146. Plaintiffs asserted that Defendant GKN employed Plaintiffs and failed to compensate them as required by the FLSA, 29 U.S.C. §§ 201, *et seq*., asserting Defendant's violation of the FLSA was willful. Dkt. 1 ¶¶ 94-101; Dkt. 18 ¶¶ 91-98; Dkt. 87 ¶¶ 92-100; Dkt. 146 ¶¶ 98-106. Additionally, Plaintiffs asserted that Defendant violated the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, *et seq*. Dkt. 1 ¶¶ 102-112; Dkt. 18 ¶¶ 99-109; Dkt. 87 ¶¶ 101-115; Dkt. 146 ¶¶ 107-122. *Id*. ¶¶ 92-131. Specifically, Plaintiffs asserted that Defendant GKN violated both the FLSA and the NCWHA by: (1) failing to pay Plaintiffs for their statutory overtime for hours worked in excess of 40 per week pursuant to the FLSA; (2) failing to pay Plaintiffs all owed, earned, and promised wages and benefits, including but not limited to, promised and/or straight

2

time wages and premium and/or overtime wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.13, and by failing to pay Plaintiffs consistent with Defendant GKN's policies and practices. *See generally* Dkt. 146.

Defendant asserts that it is in compliance with the FLSA and NCWHA.

B. **Procedural History of the Case**

As stated above, on October 23, 2018, Plaintiffs filed suit seeking relief under the FLSA and NCWHA from Defendant GKN. Dkt. 1. The Court originally certified the Rounding Claim under both the FLSA and NCWHA, leading to 378 opt-in plaintiffs for the federal claim and 3,350 class members for the state-law claim. The Court also initially certified the Automatic Deduction Claim for Rule 23 class treatment but later reversed itself and decertified that class as well as both the collective and the class for the Rounding Claim. (ECF 198.) On May 26, 2023, Plaintiffs filed their Petition for Permission to Appeal. Dkt. 201. On June 28, 2023, the Fourth Circuit denied Plaintiffs' Petition for Permission to Appeal. Dkt. 205.

On October 11, 2023, the Court entered Notice of Trial Calendar for December 2, 2024. On October 16, 2024, the Court entered Notice Regarding Scheduling of Court Hosted Settlement Conference. Dkt. 217. On November 5, 2024, the Parties participated in a Court Hosted Settlement Conference and resolution was reached in this matter *that* same day. The terms of the settlement are contained within the Proposed Settlement Agreement *See* Ex. A.

C. **Investigation and Research of Plaintiffs' Claims**

Plaintiffs' counsel conducted an extensive investigation into the facts before *and*

3

during the prosecution of the Action. The discovery and investigation has included among other things, (a) multiple meetings and conferences with the lead Named Plaintiffs James Mebane and Angela Worsham for several months before the filing of the Action, (b) analysis of the legal positions which could be taken by Defendant; (c) investigation into the viability of class treatment of the claims, (d) analysis of Named Plaintiffs' individual and class-wide damages including prejudgment interest and liquidated damages; and (e) research of the applicable law with respect to the potential claims and potential defenses thereto.

### D. Settlement Negotiations and Court Hosted Settlement Conference

As stated *supra*, the Parties reached a resolution regarding Plaintiff Mebane's ADEA and common law claims, *see* Dkt. 177-2, at 8 (which broke down the nature of the claims resolved – but did *not* include resolution of Plaintiffs' attorneys' fees and costs). Similarly, on November 5, 2024, Plaintiffs Mebane and Worsham resolved their unpaid *individual* wage claims pursuant to the FLSA and the NCWHA, resulting in a 96.8% recovery which included actual and liquidated damages along with pre-judgment interest from the date their unpaid wages were originally due. However, the Parties agreed to litigate Plaintiffs' attorneys' fees and costs.[1]

---

[1] Additionally, to the extent the Parties do not globally resolve related actions *Ayers et al v. GKN Driveline North America, Inc.*, CA No. 1:23CV00581-LCB-LPA, *Ferges et al., v. GKN Driveline North America Inc.*, CA No. 1:23CV00585-LCB-LPA, and *Carson et al.,* v. *GKN Driveline North America Inc.*, CA No. 1:23CV00583-LCB-LPA by the time the Court rules on Plaintiffs' Attorneys' fees and costs in this matter, Plaintiffs reserve the right to appeal the Court's decertification Order, Dkt. 198 to the Fourth Circuit Court of Appeals. Following the filing of the Parties' Joint Motion for Approval of Settlement, Plaintiffs propose the Parties engage Magistrate Judge Auld for another Court Hosted Settlement Conference to attempt global resolution relating

### III. SUMMARY OF SETTLEMENT TERMS

#### A. Monetary Terms

As part of this settlement, Defendant has agreed to pay a total of [redacted amount] to settle the claims in this action. That amount will be allocated as follows: (i) settlement payment to Plaintiff Mebane of [redacted amount] and (ii) settlement payment to Plaintiff Worsham of [redacted amount]. *See* Ex. A.

#### B. Dismissal of the Lawsuit with Prejudice and Plaintiffs' Petition for Attorneys' Fees and Costs

The Parties agree that any final judgment by the Court in connection with the Parties' Settlement Agreement will ensure the Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and resolving Plaintiffs' anticipated motion for attorneys' fees and costs. *See id.*

#### C. Release

Plaintiffs are generally waiving all remaining claims, whether or not raised in the litigation, with the exception of Plaintiffs' right to petition for attorneys' fees and costs, in addition to, appealing the Court's May 12, 2023 decertification order (*Mebane* ECF No. 198), including via substitution of named plaintiffs, to proceed accordingly with appeal.

#### D. Denial of Liability

The settlement acknowledges that Defendant denies liability in any way to the Plaintiffs and the settlement of this matter should in no way be construed as an admission

---

to remaining actions, (i.e., *Ayers, et al*, *Ferges, et al*, *Carson et al v. GKN*).

of liability.

IV. **ARGUMENT**

   A. **The Settlement Meets the Requirement for Approval of an FLSA Settlement**

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c), or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); s*ee also Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460-61, 463 (4th Cir. 2007), *reinstating* 415 F.3d 364 (4th Cir. 2005) (discussing need for prior approval from court or Department of Labor of any waiver or release of FLSA claims). Although the Fourth Circuit has not set forth specific guidelines for approval of a FLSA settlement, the Eleventh Circuit has, as explained in *Lynn's Food Stores*. The Middle District of North Carolina has traditionally taken their direction from the Eleventh Circuit and has held that an FLSA settlement should be approved if it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Kirkpatrick v. Cardinal Innovations Healthcare Solutions*, 352 F.Supp.3d 499, 502 (M.D.N.C. 2018) (citing *Lynn Food Stores, Inc.*, 679 F.2d at 1355).

6

This settlement represents a good faith compromise of the Parties' bona fide dispute of liability and damages under the FLSA. Furthermore, the proposed settlement terms are fair and reasonable, and the settlement was reached after arms-length negotiation. For these reasons and based on the foregoing, the Parties request that the Court approve the Settlement Agreement.

### B. There is a Bona Fide Dispute Over FLSA and NCWHA Provisions

To merit Court approval, the settlement must revolve a bona fide dispute over FLSA provisions. *See Kirkpatrick*, 352 F.Supp.3d at 502. In this action, Plaintiffs allege that they were not paid overtime wages in violation of both the FLSA for their statutorily unpaid overtime wages, in addition to, all of their unpaid earned, accrued, and promised wages, including premium wages in violation of the North Carolina Wage and Hour Act ("NCWHA"). *See* Dkts 1, 18, 43, 87, and Dkt. 146.

Plaintiffs alleged that Defendant required them to record all hours worked, as provided by Defendant's handbook. Yet Plaintiffs also alleged that Defendant operated a "rounding" policy and automatic meal break deduction that failed to account for Plaintiffs' actual hours worked. Dkt. 82, at 18. For example, Plaintiffs asserted that Defendant demanded they perform work activities before and after their scheduled shift times, in addition to during their meal breaks. *Id.* As a result of these demands, Plaintiffs claimed that they consistently worked in excess of forty (40) hours per week as demonstrated on their timesheets, and throughout their scheduled meal break, but were not paid for the same. Dkt. 82, at 4, 18.

Defendant denied and continues to deny all of Plaintiffs' allegations and denies that their claims have any merit.

The Settlement Agreement contains a provision expressly denying any and all liability to Plaintiffs. As such, this settlement represents a good faith compromise of the Parties' bona fide dispute regarding the FLSA and the NCWHA claims alleged in the Complaint. *See* Ex. A.

### C. The Settlement is Fair and Reasonable

"There is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." *Id*. at 503 (internal citations omitted). Those factors to be considered when assessing whether an agreement is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of the counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits; and (6) the amount of the settlement in relation to the potential recovery. *Id.; see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173-74 (4th Cir. 1975). As detailed below, all factors point toward approval in this case.

#### 1. The Extent of Discovery That Has Taken Place

Defendant produced relevant data for Plaintiffs throughout formal discovery. Specifically, Defendants provided Plaintiffs' counsel with Plaintiffs' complete pay and time data for Plaintiffs. Plaintiffs' counsel used this data to construct a damages model

8

which allowed the Plaintiffs to communicate their estimate of Defendant's maximum exposure. Further, the Parties conducted numerous depositions during formal Phase I and II discovery. As a result, the Parties had all the information that they needed to evaluate the damages at issue and determine whether settlement made legal and/or business sense. The extent of this formal discovery thus weighs in favor of approval.

2. The Stage of the Proceedings

The Parties conducted extensive formal discovery, engaged in endless motions practice, and began pre-trial briefing in this matter. Accordingly, the stage of the proceedings weighs in favor of approval.

3. The Absence of Fraud or Collusion

The Parties negotiated this settlement at arms-length, and the Plaintiffs will receive 96.8% of their damages. Thus, there is no evidence to outweigh the presumption that no collusion occurred between counsel.[2]

4. The Experience of Plaintiffs' Counsel

When counsel has "experience in federal court and employment litigation . . . their opinion is entitled to weight." *Gagliastre v. Captain George's Seafood Rest., LP*, No. 2:17cv379, 2019 WL 2288441, at *3 (E.D. Va. May 29, 2019); *see also Flinn*, 528 F.2d at 1173 ("While the opinion and recommendation of experienced counsel is not to be blindly followed by the trial court, such opinion should be given weight in evaluating the proposed settlement."). Plaintiffs' counsel have a breadth of experience in the fields of employment

---

[2] In fact, the Defendant has committed to distribute payment to Plaintiffs on November 26, 2024, less than one month after the Parties settled the matter.

9

litigation and wage and hour law. They have litigated and are currently litigating a number of small and large overtime cases against public entities *and* private corporations.

Plaintiffs' counsel relied on a substantial amount of information, as well as an expert statistician, to evaluate, negotiate and make well-informed judgments about the adequacy of the settlement. Based on Plaintiffs' counsel's knowledge of the case and applicable law, as well as their experience in numerous similar wage and hour actions, Plaintiffs' counsel's opinion is that the settlement is fair, reasonable, and adequate and resolves a bona fide dispute. That opinion, based on extensive knowledge of employment law, is entitled to significant weight.

5. The Probability of Plaintiffs' Success on the Merits

With regard to the probability of success on the merits, when evidence presented indicates that a plaintiff has "significant hurdles to overcome to affect any recovery under the FLSA," this factor "weighs heavily in favor of finding the settlement fair." *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014). As stated above, recovery in this matter is not guaranteed. Plaintiffs faced disputes over the permissibility of Defendant's rounding and/or time shaving policy and automatic lunch break deductions, and whether liquidated damages were appropriate. Because Plaintiffs faced significant hurdles with respect to their FLSA claims, the probability of success on the merits factor weighs in favor of approval.

6. The Amount of the Settlement in Relation to the Potential Recovery

The settlement *fully* compensates Plaintiffs for their alleged damages. Additionally, they also avoid any of the many negative outcomes they might have to endure down the line through litigation, i.e. a loss at trial. Consequently, this settlement brings full value and

10

Case 1:18-cv-00892-CCE-LPA    Document 229    Filed 11/21/24    Page 14 of 18

certainty now, as opposed to years from now. The substantial benefit to Plaintiffs is a significant factor weighing in favor of approval of the proposed Settlement Agreement.

7. Plaintiffs' Attorneys' Fees and Costs

The FLSA provides in part that "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). Here, the settlement agreed to by the Parties prioritized the interests of the clients and focused entirely on resolution of the Plaintiffs' damages. Further, the Parties agreed to preserve the issue of attorney's fees for continued litigation.

## V. CONCLUSION

This Settlement was reached after continued settlement negotiations. The Parties engaged in analysis of the facts and the data at issue and the Settlement Agreement provides Plaintiffs significant monetary relief. Because the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties, it should be approved.

Dated this 21st day of November, 2024.

| | |
|---|---|
| /s/ Gilda A. Hernandez<br>Gilda A. Hernandez (NCSB No: 36812)<br>Hannah B. Simmons (NCSB No. 59579)<br>Matthew S. Marlowe (NCSB No. 60035)<br>Briahna B. Koegel (NCSB No. 62491)<br>**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**<br>1020 Southhill Drive, Ste. 130<br>Cary, NC 27513<br>Tel: (919) 741-8693<br>Fax: (919) 869-1853<br>ghernandez@gildahernandezlaw.com<br>hsimmons@gildahernandezlaw.com<br>mmarlowe@gildahernandezlaw.com | /s/ Kevin S. Joyner<br>Paul DeCamp (Special Admission)<br>**EPSTEIN BECKER & GREEN, P.C.**<br>1227 25th St., N.W., Suite 700<br>Washington, D.C. 20037<br>Tel: (202) 861-1819<br>Fax: (202) 861-3571<br>PDeCamp@ebglaw.com<br><br>Adriana S. Kosovych (Special Admission)<br>Victoria Sloan Lin (Special Admission)<br>**EPSTEIN BECKER & GREEN, P.C.**<br>875 Third Avenue |

bkoegel@gildahernandezlaw.com

*Attorneys for Plaintiffs*

New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
AKosovych@ebglaw.com
VSloan@ebglaw.com

Kevin S. Joyner (NCSB No. 25605)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel: (919) 787-9700
Fax: (919) 783-9412
Kevin.joyner@ogletree.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I electronically filed the foregoing true and accurate copy of **MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT** with the Court using the CM/ECF system, and have thereby electronically served the document to the following:

Paul DeCamp (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
1227 25th St., N.W., Suite 700
Washington, D.C. 20037
Tel: (202) 861-1819
Fax: (202) 861-3571
PDeCamp@ebglaw.com

Adriana S. Kosovych (Special Admission)
Victoria Sloan Lin (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
AKosovych@ebglaw.com

Kevin S. Joyner (NCSB No. 25605)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Tel: (919) 787-9700
Fax: (919) 783-9412
Kevin.joyner@ogletree.com
*Attorneys for Defendant*

                                          /s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No.: 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew S. Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693

Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
*Attorneys for Plaintiffs*

14