# EXHIBIT A
## PROPOSED SETTLEMENT AGREEMENT AND RELEASE

## A-1: PROPOSED CONSENT JUDGMENT AND ORDER

# JAMES MEBANE & ANGELA WORSHAM v. GKN DRIVELINE NORTH AMERICA, INC.

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between JAMES MEBANE and ANGELA WORSHAM ("Plaintiffs") and GKN DRIVELINE NORTH AMERICA, INC. ("Defendant"). This Agreement is subject to the approval of the Court pursuant to 29 U.S.C. § 216(c) and is made for the sole purpose of attempting to consummate settlement of this lawsuit subject to the following terms and conditions.

WHEREAS, on October 23, 2018, Plaintiffs filed a lawsuit against Defendant in the United States District Court for the Middle District of North Carolina, Case No. 1:18-cv-892 ("Lawsuit"), which sought relief for, among other claims, alleged unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA") and alleged damages for unpaid promised wages pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. 95-25.6 ("NCWHA"); and

WHEREAS, Plaintiffs have signed this Agreement and Release; and

WHEREAS, Defendant has denied, and continues to deny, each and every claim and contention alleged in the Lawsuit, and any and all allegations of wrongdoing, fault, liability, or damage of any kind. Defendant has considered the risks and potential costs of continued litigation of the Lawsuit, on the one hand, and the benefits of the proposed settlement on the other hand, and desires to settle the Lawsuit upon the terms and conditions set forth in this Agreement; and

WHEREAS, all parties to this Agreement ("Parties") wish to resolve, fully and finally, the differences between them without further litigation;

NOW, THEREFORE, it is agreed as follows, in exchange for the good and valuable consideration set forth herein:

1.  <u>Approval</u>: No later than Friday, November 22, 2024, the Parties will file with the U.S. District Court for the Middle District of North Carolina in *Mebane et al., v. GKN Driveline North America, Inc.*, a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties expressly agree that the terms of this Agreement are fair and equitable. The Parties anticipate that Court approval will occur in the near future. In the event the Court does not approve the Agreement, the Parties agree to work together in good faith to structure a settlement that will meet Court approval.

2. <u>Effective Date</u>: The "Effective Date" of this Agreement shall be the date when this Agreement has been executed by all Parties, which shall take place no later than November 19, 2024.

3. <u>Settlement Payment</u>:  **The total settlement amount of [AMOUNT REDACTED], which shall be paid as described below, and which represents adequate consideration in full and final settlement of the claims released herein, but excluding Plaintiffs' counsel's fees and expenses which Plaintiffs' counsel will petition separately on or before December 17, 2024.**

    a. <u>Consideration</u>.

| | |
|---|---|
| [REDACTED] | James Mebane (W-2 payment as consideration for claimed wage damages) |
| [REDACTED] | James Mebane (1099 payment as consideration for claimed liquidated damages and other compensatory damages) |
| [REDACTED] | Angela Worsham (W-2 payment as consideration for claimed wage damages) |
| [REDACTED] | Angela Worsham (1099 payment as consideration for claimed liquidated damages and other compensatory damages) |
| [REDACTED] | Total |

    b. <u>Tax Forms</u>. Plaintiffs shall provide Defendant with a completed IRS Form W-4 and Form W-9 no later than <u>November 15, 2024</u>, and The Law Offices of Gilda A. Hernandez, PLLC shall provide Defendant with a completed IRS Form W-9. With the exception of Defendant's share of payroll taxes for wages, Plaintiffs shall be solely responsible for any tax liability, penalties, and interest arising from the allocation of the Settlement Payment, including any taxes, penalties, and interest related to the taxable wage income paid to Plaintiffs under IRS Forms W-2 and 1099. Plaintiffs understand and agree that they have not relied on any express or implied representations by Defendant concerning the tax implications of the Settlement Payment.

    c. <u>Consideration as Promised</u>. Plaintiffs specifically acknowledge that they would not otherwise be entitled to the consideration set forth in this

paragraph were it not for the covenants, promises, and releases set forth in this Agreement.

    d. <u>Delivery of Settlement Amounts</u>. No later than November 26, 2024, Defendant or its counsel shall cause to be delivered via Express Delivery to Plaintiffs' Counsel, The Law Offices of Gilda A. Hernandez, PLLC, settlement payment for amounts totaling [AMOUNT REDACTED] with checks allocated as follows:

       i. A check payable to Plaintiff Mebane in the amount of [AMOUNT REDACTED], less lawful deductions, in compromise settlement of Plaintiff Mebane's alleged unpaid wages and liquidated damages. This payment shall be evenly divided. One half of the total payment shall be reported to the IRS as wages on a W-2 Form. One half of the total payment shall be reported to the IRS by issuance of a Form 1099.

       ii. A check payable to Plaintiff Worsham in the amount of [AMOUNT REDACTED], less lawful deductions, in compromise settlement of Plaintiff Worsham's alleged unpaid wages and liquidated damages. This payment shall be evenly divided. One half of the total payment shall be reported to the IRS as wages on a W-2 Form. One half of the total payment shall be reported to the IRS by issuance of a Form 1099.

       iii. The Law Offices of Gilda A. Hernandez, PLLC is located at 1020 Southhill Dr., Suite 130 Cary, NC 27513.

4. <u>No Amounts Owing Relating to Unpaid Wages</u>. Plaintiffs acknowledge that Defendant shall not owe Plaintiffs unpaid wages, once they receive the Settlement Payments. Plaintiffs specifically acknowledge and agree that once they receive the Settlement Payments, Defendant will have compensated them for all hours they contend to have worked and that they will have received all wages and compensation, including promised wages and/or overtime or premium wages, to which they contend they are entitled to, under the FLSA, North Carolina law, and any other federal, state, or local law regarding the payment of wages.

5. <u>Special Monetary or Service Award for Plaintiffs in Connection with Related Cases</u>. Plaintiffs retain the right to request a monetary service award in connection with related cases. As such, to the extent *Ayers et al v. GKN Driveline North America, Inc*., CA No. 1:23CV00581-LCB-LPA, *Ferges et al., v. GKN Driveline North America Inc*., CA No. 1:23CV00585-LCB-LPA, and *Carson et al.,* v. *GKN Driveline North America Inc*., CA No. 1:23CV00583-LCB-LPA reach a resolution, nothing in this Agreement precludes Plaintiffs Mebane and Worsham from each requesting to receive a monetary service award for their

contributions and efforts in enabling the furtherance and potential resolution of such cases and/or claims.

6. <u>Dismissal of the Lawsuit with Prejudice and Plaintiffs' Petition for Attorneys' Fees and Costs</u>: The Parties agree that any final judgment by the Court in connection with the Parties' Settlement Agreement will ensure the Court shall retain jurisdiction for the purpose of enforcing the terms of the Settlement Agreement and resolving Plaintiffs' anticipated motion for attorneys' fees and costs.

7. <u>Release</u>: By signing this Agreement, Plaintiffs are generally waiving all remaining claims, whether or not raised in the litigation, with the exception of Plaintiffs' right to petition for attorneys' fees and costs, in addition to, appealing the Court's May 12, 2023 decertification order (*Mebane* ECF No. 198), including via substitute of named plaintiffs, to proceed accordingly with appeal.

8. <u>Attorneys' Fees and Costs</u>: The Parties specifically understand and agree that Plaintiffs will file a motion seeking attorneys' fees and costs with the Court no later than December 17, 2024. Defendant will respond to Plaintiffs' motion for attorneys' fees and costs no later than January 28, 2025. Plaintiffs may reply in support of their motion for attorneys' fees no later than February 18, 2025.

9. <u>Plaintiffs' Right to Appeal the Court's Decertification Order</u>: The Parties specifically understand and agree that Plaintiffs preserve the right to appeal this Court's May 12, 2023 decertification order (*Mebane* ECF No. 198), including via substitution of named plaintiffs, within thirty (30) days following the Court's ruling on Plaintiffs' anticipated motion for attorneys' fees and costs. *See* Ex. A, the Parties' Executed Consent Judgment.

10. <u>Adequate Consideration</u>: Plaintiffs and Defendant acknowledge that the consideration provided by each to the other is adequate and that this is a legally binding document with which all Parties will faithfully comply.

11. <u>Plaintiffs' Representations</u>: Plaintiffs represent and warrant that they are not aware of any other claims against Defendant other than those asserted in the Lawsuit. Plaintiffs understand that Defendant is relying upon this representation and warranty in entering this Agreement and that it is consideration for this Agreement.

12. <u>Signatures and Counterparts</u>: Facsimile or emailed signatures shall have the same power and effect as original signatures with regard to this Agreement. This Agreement may be executed independently and separately (i.e. in counterparts) by the respective Parties. If executed in counterparts, each counterpart shall be deemed to be an original, and said counterparts together shall constitute one and the same Agreement.

13. <u>Governing Law</u>: This Agreement shall be governed by the laws of the State of North Carolina without regard to choice of law principles. The Parties agree that any

action to enforce this Agreement shall be brought in the United States District Court for the Middle District of North Carolina, and specifically agree to jurisdiction of such court and venue in such court.

14. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement between Plaintiffs and Defendant with respect to the resolution of Plaintiffs' claims in the Lawsuit, and specifically supersedes any previous agreements or representations between the Parties. This Agreement shall inure to the benefit of any successor to Defendant, or in the event of either Plaintiff's death, to their respective estates.

15. <u>Compromise of Disputed Claim and Bar Upon Use in Subsequent Proceedings</u>: The Parties hereto agree that the present Agreement constitutes the compromise and settlement of disputed claims, and that Defendant has denied and continues to deny any and all liability to Plaintiffs. This Agreement and any conduct and statements made in compromise negotiations between the Parties shall be inadmissible in any further proceeding save for (1) a proceeding over the alleged breach of the present Agreement or (2) any claims or cause of action arising after the Effective Date.

16. <u>Binding Nature</u>: This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, its agents, directors, officers, employees, successors, and assigns.

17. <u>Construction</u>: This Agreement shall not be construed in favor of one party against the other.

18. <u>Severability</u>: The failure to insist upon compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

19. <u>Remedies</u>: It is understood and agreed that the Parties expressly rely upon the promises, representations, and warranties made herein; that any breach of such promises, representations, and warranties would constitute a material breach of this Agreement; and that in the event of any such breach, the prevailing party will be entitled to any and all relief and damages available at law or in equity, including but not limited to attorneys' fees and expenses.

20. <u>Section Headings</u>: The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

21. <u>Counterparts</u>: This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same

instrument. The Parties agree that signed facsimiles and PDF copies have the same force and effect as originals.

22. <u>Entire Understanding</u>: This Agreement embodies the entire agreement of all the Parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Parties to this Agreement related to the subject matter herein. The Parties to this Agreement each acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement, or warranty not contained in this Agreement, including but not limited to any other purported settlements, modifications, waivers, or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the Parties to this Agreement. This Agreement may be amended and any provision herein waived, but only in writing and signed by the party against whom such an amendment or waiver is sought to be enforced.

23. <u>Enforcement</u>: The Parties agree that pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994), the Court reserves jurisdiction over this matter for the purposes of settlement enforcement.

24. <u>Confidentiality</u>: The Parties agree that this Agreement is not to be confidential except that the amount of payment to each Plaintiff shall be redacted from any public filings.

Plaintiffs declare that they have carefully read this Agreement, consulted with an attorney, understand this Agreement, and execute this Agreement knowingly and voluntarily.

PLAINTIFFS:                                         JAMES MEBANE

Date: 11/18/2024                                    _James Mebane_
                                                    James Mebane (Nov 18, 2024 18:10 EST)


                                                    ANGELA WORSHAM

Date: 11/19/2024                                    _Angela Worsham_
                                                    Angela Worsham (Nov 19, 2024 03:17 EST)


Page **6** of **7**

DEFENDANT:            GKN DRIVELINE NORTH AMERICA, INC.

Date: 11/19/2024

By: *Barbara Waldron*

Its: HR Manager

# A-1: PROPOSED CONSENT JUDGMENT AND ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES MEBANE and ANGELA WORSHAM, <br><br>*Plaintiffs*, <br><br>v. <br><br>GKN DRIVELINE NORTH AMERICA, INC., <br><br>*Defendant*. | CA No.: 1:18-cv-892-LCB-LPA |

## **STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND ORDER**

WHEREAS, Plaintiffs James Mebane and Angela Worsham ("Plaintiffs"), through undersigned counsel, and Defendant GKN Driveline North America, Inc. ("Defendant") through undersigned counsel (collectively, "the Parties") have settled this matter pursuant to a Settlement Agreement ("Settlement Agreement"),[1] the terms of which provide for the substance of this Judgment and Order, and the Court being otherwise fully advised of the same, stipulate and agree as follows:

WHEREAS, the Parties have stipulated to this Consent Judgment and Order. The Settlement Agreement was executed by all Parties on the effective date of November 19, 2024.

---

[1] The Parties' Settlement Agreement has been filed separately along with the Parties' Joint Motion for Approval of the Terms of the Settlement Agreement.

Page **1** of **7**

1. Without admitting liability, Defendant nevertheless wishes to resolve this matter, and it hereby consents to entry of judgment in the above-captioned case and entry of the following Order against it.

2. The Parties will file a Joint Motion for Approval of the Terms of the Settlement Agreement with the U.S. District Court for the Middle District of North Carolina no later than November 22, 2024.

3. Consistent with the Parties' Settlement Agreement, Plaintiffs retain the right to request a special monetary or service award in connection with related cases. Specifically, to the extent *Ayers et al v. GKN Driveline North America, Inc.*, CA No. 1:23CV00581-LCB-LPA, *Ferges et al., v. GKN Driveline North America Inc.*, CA No. 1:23CV00585-LCB-LPA, and *Carson et al., v. GKN Driveline North America Inc.*, CA No. 1:23CV00583-LCB-LPA reach a resolution, nothing in the Parties' Settlement Agreement And Release precludes Plaintiffs from each requesting to receive a monetary service award for their contributions and efforts in enabling the furtherance and potential resolution of such cases and/or claims.

4. Consistent with the Parties' Settlement Agreement, the Parties agree that Plaintiffs will file a motion seeking attorneys' fees and costs with the Court no later than December 17, 2024. Defendant will respond to Plaintiffs' motion for attorneys' fees and costs no later than January 28, 2025. Plaintiffs may reply in support of their motion for attorneys' fees no later than February 18, 2025.

5. Consistent with the Parties' Settlement Agreement, the Parties specifically agree that Plaintiffs preserve the right to appeal this Court's Decertification Order dated

May 12, 2023 (Dkt. 198), including via substitution of named plaintiffs. To the extent there is no global resolution of all three matters as identified in ¶ 2 above by the time the Court rules on Plaintiffs' motion for attorneys' fees and costs, Plaintiffs will have thirty (30) days following the Court's ruling on Plaintiffs' anticipated motion for attorneys' fees and costs to file any notice of appeal.

6. The Court should retain jurisdiction over this matter for the purpose of enforcing the Parties' Settlement Agreement and this Order. If Defendant violates this Order, it may be subject to civil and criminal sanctions for contempt of court.

## JUDGMENT AND ORDER

**IT IS HEREBY ORDERED** that the Parties' Settlement Agreement and this Consent Judgment and Order are fully enforceable.

**IT IS FURTHER ORDERED** that this is a final judgment that resolves all outstanding claims. The Court retains jurisdiction to adjudicate any other dispute arising out of, or in connection with, the Parties' Settlement Agreement or this Judgment and Order.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional orders necessary and appropriate consistent with the Parties' Settlement Agreement and this Order.

**IT IS SO ORDERED.**

This ⎯⎯ day of December 2024.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
THE HONORABLE LORETTA BIGGS
UNITED STATES DISTRICT JUDGE

The preceding Judgment and Order is Agreed to in form and substance.

Respectfully submitted this the 21st day of November 2024,

| | |
|---|---|
| */s/ Gilda Adriana Hernandez* <br> Gilda A. Hernandez (NCSB No. 36812) <br> Hannah B. Simmons (NCSB No. 59579) <br> Matthew S. Marlowe (NCSB No. 60035) <br> **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC** <br> 1020 Southhill Dr., Ste. 130 <br> Cary, NC 27513 <br> Tel: (919) 741-8693 <br> Fax: (919) 869-1853 <br> ghernandez@gildahernandezlaw.com <br> hsimmons@gildahernandezlaw.com <br> mmarlowe@gildahernandezlaw.com <br> *Attorneys for Plaintiffs* | */s/ Kevin S. Joyner* <br> Paul DeCamp (Special Admission) <br> **EPSTEIN BECKER & GREEN, P.C.** <br> 1227 25th St., N.W., Suite 700 <br> Washington, D.C. 20037 <br> T: (202) 861-1819 <br> F: (202) 296-2882 <br> PDeCamp@ebglaw.com <br> <br> Adriana S. Kosovych (Special Admission) <br> Victoria Sloan Lin (Special Admission) <br> **EPSTEIN, BECKER & GREEN, P.C.** <br> 875 Third Avenue <br> New York, NY 10022 <br> Tel: (212) 351-4500 <br> Fax: (212) 878-8600 <br> AKosovych@ebglaw.com <br> <br> Kevin S. Joyner <br> Vanessa N. Garrido <br> **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.** <br> 8529 Six Forks Road, Suite 600 <br> Raleigh, North Carolina 27615 <br> Phone: 919-787-9700 <br> Facsimile: 919-783-9412 <br> Kevin.joyner@ogletree.com <br> Vanessa.garrido@ogletree.com <br> *Attorneys for Defendant* |

# CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I electronically filed the foregoing true and accurate copy of **STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND ORDER** with the Court using the CM/ECF system and thereby electronically served the document to the following:

Paul DeCamp (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
1227 25th St., N.W., Suite 700
Washington, D.C. 20037
Tel: (202) 861-1819
Fax: (202) 861-3571
PDeCamp@ebglaw.com

Adriana S. Kosovych (Special Admission)
Victoria Sloan Lin (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
AKosovych@ebglaw.com
VSloan@ebglaw.com

Kevin S. Joyner (NCSB No. 25605)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Tel: (919) 787-9700
Fax: (919) 783-9412
Kevin.joyner@ogletree.com
*Attorneys for Defendant*

        */s/ Gilda A. Hernandez*
        Gilda A. Hernandez (NCSB No. 36812)
        Hannah B. Simmons (NCSB No. 59579)
        Matthew S. Marlowe (NCSB No. 60035)
        **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
        1020 Southhill Drive, Ste. 130

Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
*Attorneys for Plaintiffs*