IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES MEBANE and ANGELA WORSHAM, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>GKN DRIVELINE NORTH AMERICA, INC., )<br><br>*Defendant*. ) | CA No.: 1:18-cv-892-LCB-LPA |

**<u>MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL AND PROCEDURAL HISTORY ....................................................... 1

III.    ARGUMENT .......................................................................................................... 1

    A.    Pursuant to the FLSA and NCWHA, Plaintiff is Entitled to an
        Award of Reasonable Attorneys' Fees and Costs ......................................... 1

    B.    The Requested Attorneys' Fees and Costs are Reasonable Pursuant
        to Fourth Circuit Precedent ........................................................................... 3

        1.    The Time and Labor Expended (Barber Factor 1) ............................ 4

        2.    The Novelty and Difficulty of the Questions Raised (*Barber*
            Factor 2) ............................................................................................ 6

        3.    The Skill Required to Properly Perform the Legal Services
            Rendered (*Barber* Factor 3) ............................................................ 7

        4.    The Opportunity Costs in Pressing the Instant Litigation
            (*Barber* Factor 4) ............................................................................. 9

        5.    The Customary Fee for Like Work (*Barber* Factor 5) .................... 10

        6.    The Attorney's Expectations at the Outset of the Litigation
            (*Barber* Factor 6) ........................................................................... 14

        7.    The Time Limitations Imposed by the Client or
            Circumstances (*Barber* Factor 7) .................................................. 15

        8.    The Amount in Controversy and the Results Obtained
            (*Barber* Factor 8) ........................................................................... 15

        9.    The Experience, Reputation and Ability of the Attorney
            (*Barber* Factor 9) ........................................................................... 16

        10.   The Undesirability of the Case Within the Legal Community
            in Which the Suit Arose (Barber Factor 10) .................................... 17

        11.   The Nature and Length of the Professional Relationship
            Between Attorney and Client (Barber Factor 11) ............................ 18

        12.   Attorney's Fees Awards in Similar Cases (*Barber* Factor 12). ....... 18

ii

IV.    CONCLUSION ...................................................................................................... 23

Case 1:18-cv-00892-CCE-LPA    Document 234    Filed 12/17/24    Page 3 of 36

# TABLE OF AUTHORITIES

**Cases**

*Alaya v. Quinn's 1776, LLC,*
2020 WL 1949621 (E.D. Va. 2020) .............................................................................. 2

*Alexander v. Hill*
625 F. Supp. 567 (W.D.N.C. 1985) ............................................................................ 17

*Allende v. Unitech Design, Inc.*
783 F.Supp. 2d 509 (S.D.N.Y 2011) ..................................................................... 19, 22

*Almendarez v. J.T.T. Enters. Corp.*
2010 U.S. Dist. LEXIS 88043 (D. Md. Aug. 25, 2010) ...................................... 3, 19, 20

*Andrade v. Aerotek, Inc.,*
852 F.Supp.2d 637 (D.Md. 2012) .............................................................................. 21

*Arvinger v. Mayor and City Council of Baltimore*
31 F.3d 196 (4th Cir. 1994) ....................................................................................... 15

*Atkins v. Sunbelt Rentals, Inc.*
2016 U.S. Dist. LEXIS 85768 (D. Md. June 29, 2016).......................................... 20, 21

*Barber v. Kimbrell's Inc.*
577 F.2d 216 (4th Cir. 1978) ................................................................................ passim

*Barrentine v. Ark.-Best Freight Sys.*
450 U.S. 728 (1981) ..................................................................................................... 6

*Bautista v. Zuniga*
2012 U.S. Dist. LEXIS 48135 (E.D.N.C. Apr. 5, 2012) ................................................ 2

*Braun v. Culp, Inc.,*
No. C-84-455-G, 1985 WL 5857 (M.D.N.C. Apr. 26, 1985)......................................... 16

*Burnley v. Short*
730 F.2d 136 (4th Cir. 1984) ....................................................................................... 2

*Butler v. Directsat USA, LLC,*
2016 WL 1077158 (D. Md. Mar. 18, 2016) .......................................................... 20, 21

iv

*Caltenco v. G.H. Food Inc.,*

    No. 22-2791, 2024 WL 1338784 (2d Cir. Mar. 29, 2024) ........................................... 20

*Casey v. City of Cabool*

    12 F.3d 799 (8th Cir. 1993) ........................................................................................ 10

*Castel v. Advantis Real Estate Servs. Co.,*

    No. 2:07CV435, 2008 U.S. Dist. LEXIS 61318, 2008 WL 3348774 (E.D.Va. Aug. 8,

    2008) ............................................................................................................................... 2

*City of Burlington v. Dague*

    505 U.S. 557 (1992) ..................................................................................................... 19

*City of Riverside v. Rivera*

    477 U.S. 561 (1986) ..................................................................................................... 19

*Copeland v. Marshall,*

    641 F.2d 880 (D.C. Cir. 1980) .......................................................................... 3, 20, 21

*Covington v. District of Columbia*

    57 F.3d 1101 (D.C. Cir. 1995) ..................................................................................... 11

*Cowan v. Prudential Ins. Co. of America*

    935 F.2d 522 (2d Cir. 1991) ........................................................................................ 19

*Cowan v. Prudential Ins. Co. of America,*

    935 F.2d 522 (2d Cir. 1991). ......................................................................................... 2

*DeWitt v. Darlington Cnty., S.C.,*

    No. 4:11-CV-00740-RBH, 2013 WL 6408371 (D.S.C. Dec. 6, 2013) .................... 6, 8, 9

*Doe v. Kid,*

    656 F. App'x 643, 655-56, n.2 (4th Cir. 2016) .............................................................. 6

*E.E.O.C. v. Clay Printing Co.*

    13 F.3d 813 (4th Cir. 1994) ........................................................................................... 1

*Farrar v. Hobby*

    506 U.S. 103 (1992) ..................................................................................................... 15

*Fegley v. Higgins,*

    19 F.3d 1126 (6th Cir. 1994) ......................................................................................... 3

v

*Foley v. City of Lowell, Mass.*,

    948 F.2d 10 (1st Cir.1991) ................................................................................ 22

*Garcia v. Frog Island Seafood, Inc.*

    644 F. Supp. 2d 696 (E.D.N.C. 2009) ................................................................. 2

*Gilbert LLP v. Tire Eng'g & Distrib., LLC,*

    2017 U.S. App. LEXIS 8530 (4th Cir. May 15, 2017) ......................................... 9

*Gonzalez v. Scalinatella, Inc.*

    112 F.Supp.3d 5 (S.D.N.Y. 2015) ..................................................................... 19

*Goodman v. Phillip R. Curtis Enters., Inc.*

    809 F.2d 228 (4th Cir. 1987) .............................................................................. 9

*Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*

    2004 U.S. Dist. LEXIS 10164 (N.D. Iowa June 2, 2004) ................................. 11

*Gregory v. Belfor USA Group, Inc.*

    2014 U.S. Dist. LEXIS 14296 (E.D. Va. Feb. 4, 2014) ....................................... 2

*Grissom v. The Mills Corp.,*

    549 F.3d 313 (4th Cir. 2008) ............................................................................ 13

*Guerrero et al v. Pro-Klean, Inc.,*

    09 CVS 29529 (NC Super. Ct. 2012) ............................................................... 13

*Hendrickson v. Branstad*

    740 F. Supp. 636 (N.D. Iowa 1990) ................................................................. 11

*Hensley v. Eckerhard*

    461 U.S. 424 (1983) ...................................................................................... 5, 15

*Holick v. Cellular Sales of New York, LLC,*

    48 F.4th 101 (2d Cir. 2022). ............................................................................. 21

*Hyatt v. Heckler*

    586 F. Supp. 1154 (W.D.N.C. 1984) ................................................................ 15

*In re Steel Network, Inc.*

    2011 Bankr. LEXIS 3418 (U.S. Bankr. M.D.N.C. June 27, 2011) ................... 15

vi

*Jackson v. Estelle's Place, LLC*

    391 Fed. Appx. 239 (4th Cir. 2010).................................................................4

*Johannssen v. Dist. No. 1,*

    No. AMD 96-2355, 2001 WL 770987 (D. Md. July 10, 2001), *aff'd in part, remanded*

    *in part sub nom. Johannssen v. Dist. No. 1-Pac. Coast Dist., MEBA Pension Plan*, 292

    F.3d 159 (4th Cir. 2002) ........................................................................9

*Johnson v. Ga. Highway Express, Inc.*

    488 F.2d 714 (5th Cir. 1974) ...................................................................4

*Kern v. Suffolk County Sheriff's Dept.*,

    No. Civ.A. 01–11355–GAO, 2003 WL 21697050 (D. Mass. Jul. 7, 2003) .................22

*LaFleur v. Dollar Tree Stores, Inc.*

    189 F.Supp.3d 588 (E.D. Va. 2016) ..........................................................10

*Lang v. Duplin County*,

    Ca. No. 7:18-cv-00077-BO, Doc. 77 (E.D.N.C. Jan. 1, 2020).............................12

*Lewis v. J.P. Stevens & Co.*

    1988 U.S. App. LEXIS 19610 (4th Cir. June 9, 1988)................................9, 17

*Lilly v. Harris-Teeter Supermarket*

    842 F.2d 1496 (4th Cir. 1988) ................................................................15

*Lipsett v. Blanco*,

    975 F.2d 934 (1st Cir. 1992)..................................................................22

*Mackey v. Stetson*,

    No. C-C-77-124, 1981 WL 273 (W.D.N.C. Sept. 21, 1981).............................17

*McCurley v. Flowers Foods, Inc.*,

    No. 5:16-CV-00194-JMC, 2018 WL 6650138 (D.S.C. Sept. 10, 2018) .....................16

*Mearidy v. Nthrive Sols., Inc.*,

    No. 1:20CV387, 2021 WL 3619741 (M.D.N.C. Aug. 16, 2021).............................12

*Morris v. Eversley*,

    343 F.Supp.2d 234 (S.D.N.Y. 2004) ........................................................3, 21

vii

*Morse v. Republican Party*

    972 F. Supp. 355 (W.D. Va. 1997) ................................................................. 11

*Nat'l Wildlife Fed'n v. Hanson*

    859 F.2d 313 (4th Cir. 1988) ......................................................................... 11

*Newport News Shipbuilding and Dry Dock Co. v. Holiday,*

    591 F.3d 219 (4th Cir.2009) .......................................................................... 13

*Overnight Motor Transp. Co. v. Missel*,

    316 U.S. 572 (1942) ...................................................................................... 20

*Parra v. Quality Controlled Concrete, LLC*

    No. 1:13-cv-1113 (M.D.N.C. Apr. 2, 2015) .................................................. 20

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*

    483 U.S. 711 (1987) ...................................................................................... 14

*Perrin v. John B. Webb & Assocs.*

    2005 U.S. Dist. LEXIS 35473 (M.D. Fla. Oct. 6, 2005) ............................... 19

*Peterson v. Nelnet Diversified Sols., LLC*,

    No. 17-CV-01064-NYW, 2022 WL 408241 (D. Colo. Feb. 10, 2022) ......... 22

*Plyer v. Evantt*

    902 F.2d 273 (4th Cir. 1990) ........................................................................ 10

*Prescott v. MorGreen Solar Sols., LLC*,

    No. 5:17-CV-365-FL, 2019 WL 1428687 (E.D.N.C. Mar. 29, 2019) ........... 14

*Quaratino v. Tiffany & Co.*

    166 F.3d 422 (2d Cir. 1999) .......................................................................... 19

*Quaratino v. Tiffany & Co.*,

    166 F.3d 422 (2d Cir. 1999) ............................................................................ 3

*Randle v. H&P Capital, Inc.*

    513 F. App'x 282 (4th Cir. 2013) .................................................................. 15

*Rivera v. Riverside*

    763 F.2d 1580 (9th Cir. 1985) ....................................................................... 20

viii

*Roldan v. Bland Landscaping Co., Inc.*,

    CA No. 3:20-cv-00276-KDB-DSC, Dkt. 68 (W.D.N.C. 2022) ..................................... 12

*Roussel v. Brinker Int'l, Inc.,*

    No. CIV.A.H-05-3733, 2010 WL 1881898 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom.*

    *Roussell v. Brinker Int'l, Inc.,* 441 F. App'x 222 (5th Cir. 2011) ................................... 21

*Rum Creek Coal Sales, Inc. v. Caperton*

    31 F.3d 169 (4th Cir. 1994) .............................................................................................. 6

*Smith v. Merrimack Valley Corp.*,

    2019 WL 2246177 (Mass.App.Ct., 2019) ...................................................................... 21

*Stocks v. Bowen*

    717 F. Supp. 397 (E.D.N.C. 1989) .................................................................................. 6

*Thompson v. Blessed Homes, Inc.*

    22 F. Supp. 3d 542 (E.D.N.C. 2014) ............................................................................... 2

*Tom v. Hosp. Ventures LLC*,

    No. 5:17-CV-98-FL, 2021 WL 2272386 (E.D.N.C. June 3, 2021) ............................... 13

*U.S. ex rel. Thyssenkrupp Safway, Inc. v. Tessa Structures, LLC,*

    No. 1:10CV512 JCC/JFA, 2011 WL 2633902 (E.D. Va. July 5, 2011) ....................... 13

*Va. Acad. of Clinical Psychologists v. Blue Shield of Va.*

    543 F. Supp. 126 (E.D. Va. 1982) ......................................................................... 14, 15

*Vincent v. Lucent Techs., Inc.,*

    No. 3:07-CV-00240, 2011 WL 5075650 (W.D.N.C. Oct. 25, 2011) .......................... 7, 9

*Wheeler v. Durham City Bd. of Educ.*

    88 F.R.D. 27 (M.D.N.C. 1980) ..................................................................................... 16

**Statutes**

29 U.S.C. § 201 .................................................................................................................... 1

N.C. Gen. Stat. § 95-25.1 .................................................................................................... 1

**Regulations**

29 C.F.R. § 778.111 ............................................................................................................. 7

29 C.F.R. § 778.113 ............................................................................................................. 7

ix

29 C.F.R. § 785.17 ..................................................................................................... 7

29 C.F.R. §§ 778.114 ................................................................................................. 7

x

## I.  INTRODUCTION

Pursuant to 29 U.S.C. § 216 of the Fair Labor Standards Act ("FLSA") and N.C. Gen. Stat. § 95-25.22(d) of the North Carolina Wage and Hour Act ("NCWHA"), the undersigned counsel, on behalf of Plaintiffs James Mebane and Angela Worsham ("Plaintiffs") submit this Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees and litigation expenses. As provided herein, Plaintiffs' counsel have litigated, researched, negotiated, and briefed a number of complex issues, on behalf of Plaintiffs, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. § 95-25.1 *et seq.*

## II.  FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiffs incorporate by reference the Factual and Procedural History found in support of the Parties' Motion for Approval of Settlement *See* Dkt. 229.

## III.  ARGUMENT

### A.  Pursuant to the FLSA and NCWHA, Plaintiff is Entitled to an Award of Reasonable Attorneys' Fees and Costs

In actions brought under the FLSA and NCWHA, a prevailing plaintiff is entitled to reasonable attorney's fees and costs of the action.  *See* 29 U.S.C. § 216(b); N.C. Gen. Stat. § 95-25.22(d); *see also E.E.O.C. v. Clay Printing Co.*, 13 F.3d 813, 817 (4th Cir. 1994) ("[T]his much is readily apparent – under FLSA, a defendant employer is liable for

---

[1] For a complete timeline of the Factual and Procedural History in this matter, see Declaration of Gilda Adriana Hernandez in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("GAH Decl."), attached hereto, as Ex. A. Over the course of six (6) years, Plaintiffs' counsel has spent 2,089.90 attorney, paralegal, and support staff hours prosecuting this matter. *See* GAH Decl. ¶ 60.

1

attorney's fees to a prevailing plaintiff-employee."); *Bautista v. Zuniga*, 2012 U.S. Dist. LEXIS 48135, at *10 (E.D.N.C. Apr. 5, 2012) ("[a]n award of attorney's fees and costs to a prevailing plaintiff under the FLSA is mandatory") (citing *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984)).  The plaintiff is considered to be "prevailing" when the parties settle FLSA claims, and the plaintiff was successful on his or her claims.  *See Gregory v. Belfor USA Group, Inc.*, 2014 U.S. Dist. LEXIS 14296, at *9-10 (E.D. Va. Feb. 4, 2014) (finding that the plaintiffs were prevailing when they obtained relief for their unpaid overtime claim through a settlement).[2]

This is so even when the attorneys' fees vastly exceed the amount of the award or judgment recovered by plaintiff(s). *See, e.g.*, *Castel v. Advantis Real Estate Servs. Co.*, No. 2:07CV435, 2008 U.S. Dist. LEXIS 61318, 2008 WL 3348774, at *5 (E.D.Va. Aug. 8, 2008) (*finding "the award of attorney fees encourages the vindication of employees' rights and notes that a substantial reduction based on the amount of damages awarded to plaintiffs would serve as an incredible disincentive for attorneys to accept FLSA cases"*). "A presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff recovered a low damage award." *Alaya v. Quinn's 1776, LLC*, 2020 WL 1949621, *4 (E.D. Va. 2020); *see also Cowan v. Prudential Ins. Co. of America*, 935 F.2d 522, 526 (2d Cir. 1991). This is because "[t]he purpose of the FLSA attorney fees provision is to

---

[2] Like the FLSA, the NCWHA permits courts to grant reasonable attorney's fees and costs to the plaintiff, *see* N.C. Gen. Stat. § 95-25.22(d), and courts may look to FLSA case law in making such a determination.  *See Thompson v. Blessed Homes, Inc.*, 22 F. Supp. 3d 542, 550 (E.D.N.C. 2014) ("'In interpreting the NCHWA, North Carolina courts look to the FLSA for guidance.'") (quoting *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 707 (E.D.N.C. 2009)).

ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourage[s] the vindication of congressionally identified policies and rights." *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994); *see also Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) ("Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation"); *Almendarez v. J.T.T. Enterprises Corp.*, Civ. No. JKS 06-68, 2010 WL 3385362, at *1, 8 (D. Md. Aug. 25, 2010) (recognizing "[c]ourts across the country have heeded the intent of the FLSA and have awarded large fee and cost awards even where the monetary value of the plaintiff's or plaintiffs' judgment is *significantly* less than the requested fees and costs").[3]

As provided below, consistent with Fourth Circuit precedent, due to Plaintiffs' success in obtaining favorable relief for their FLSA and NCWHA claims through the settlement process, Plaintiffs prevailed in this matter and are entitled to reasonable attorney's fees and costs.

**B. <u>The Requested Attorneys' Fees and Costs are Reasonable Pursuant to Fourth Circuit Precedent</u>**

The attorney's fees that a prevailing plaintiff is entitled to must be reasonable. *See*

---

[3] *Rivera v. Riverside,* 763 F.2d 1580, 1581–83 (9th Cir.1985) (awarding $245,456.25 in fees for obtaining a $33,350.00 judgment); *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (awarding $160,000 in fees for obtaining a $33,000 judgment); *Morris v. Eversley*, 343 F.Supp.2d 234, 248 (S.D.N.Y. 2004) (awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in compensatory and punitive damages).

3

*Jackson v. Estelle's Place, LLC*, 391 Fed. Appx. 239, 242 (4th Cir. 2010) (per curiam) (unpublished). To determine reasonable fees, courts in the Fourth Circuit calculate a lodestar figure by multiplying a reasonable hourly rate by the number of hours reasonably expended. *See id.* at 243. In making its determination, courts within the Fourth Circuit consider:

    (1)    the time and labor expended by counsel;

    (2)    the novelty and difficulty of the questions raised;

    (3)    the skill required to properly perform the legal services rendered;

    (4)    the attorney's opportunity costs in pressing the instant litigation;

    (5)    the customary fee for like work;

    (6)    the attorney's expectations at the outset of the litigation;

    (7)    the time limitations imposed by the client or circumstances;

    (8)    the amount in controversy and the results obtained;

    (9)    the experience, reputation and ability of the attorney;

    (10)    the undesirability of the case within the legal community in which the suit arose;

    (11)    the nature and length of the professional relationship between attorney and client; and

    (12)    attorney's fees awards in similar cases.

*See Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). Each of these factors are addressed below to substantiate Plaintiffs' counsel's requested lodestar figure.

    1.    <u>The Time and Labor Expended (Barber Factor 1)</u>

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation," provided that there is a "good-faith effort to exclude from a fee request, hours

4

that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhard*, 461 U.S. 424, 433-34 (1983).

In this matter, as outlined above, Plaintiffs' counsel committed a significant amount of time and labor to this matter. *See supra* II. Plaintiffs' counsel conducted a thorough investigation into the merits of the potential claims and defenses, briefed a number of legal matters, reviewed and analyzed thousands of documents provided by Defendant with millions of lines of data, including pay records and time sheets from 2015 until 2018, obtained statements from a number of fact witnesses, deposed witnesses, and began trial preparation which was scheduled for the week of December 9, 2024. *See* Ex. A, GAH Decl. ¶¶ 24-49. Furthermore, Plaintiffs' counsel exerted significant time and labor in pursuing FLSA and NCWHA claims, engaging in written discovery, taking depositions, reviewing extensive discovery responses, preparing for mediation and a court-hosted settlement conference by reviewing a plethora of documentation provided by Defendant, and preparing memoranda for both the Court and Defendant, including engaging in dispositive motion briefing.

The present matter also required a high level of legal expertise and skill. Plaintiffs' counsel had to possess a thorough understanding of various legal doctrines and apply them to the facts of the case to develop a compelling legal argument. Plaintiffs' counsel's expertise and skill allowed them to identify key legal and factual issues, develop a comprehensive case strategy, and prepare a compelling argument that ultimately led to a favorable outcome for the Plaintiffs. Therefore, the skill requisite to perform the legal service properly provides strong grounds for this Court to award attorney's fees.

5

In performing these tasks, Plaintiffs' counsel expended over 2089.90[4] hours of attorney, paralegal,[5] and staff member time–resulting in an aggregate lodestar of $995,937.00[6] Plaintiffs' counsel believes these hours are reasonable for a case like this one and compiled them from contemporaneous time records maintained by each attorney, paralegal, and support staff participating in the case. Ex. A, GAH Decl. ¶ 60. Plaintiffs' counsel used a small team of attorneys in order to minimize duplication of efforts and maximize billing judgment. Ex. A, GAH Decl. ¶ 55.

2. The Novelty and Difficulty of the Questions Raised (*Barber* Factor 2)

The novelty of the legal theories employed in the litigation may serve as a basis for attorneys' fees. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 180 (4th Cir. 1994); *Stocks v. Bowen*, 717 F. Supp. 397, 403 (E.D.N.C. 1989). Courts have recognized that wage and hour cases involve complex legal issues. *See, e.g., Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 743 (1981) ("FLSA claims typically involve complex mixed questions of fact and law -- e. g., what constitutes the 'regular rate,' the 'work-week,' or what activities constitute hours worked versus on-call hours worked."); *DeWitt v. Darlington Cnty., S.C.,* No. 4:11-CV-00740-RBH, 2013 WL 6408371, at *10 (D.S.C. Dec. 6, 2013) ("In the court's experience, overtime cases under the Fair Labor Standards Act can be very complex and difficult, involving the interaction among various

---

[4] *See* Ex. A, GAH Decl., ¶ 55, 60 (Plaintiffs struck in excess of 1,200 hours in light of the Court's decertification ruling, timekeepers who are no longer with the firm, or to avoid duplicative work). At the Court's request, Plaintiffs will provide such records for *in-camera review.*
[5] Legal work performed by paralegals is recoverable under fee shifting statutes. *Doe v. Kid*, 656 F. App'x 643, 655-56, n.2 (4th Cir. 2016) (finding paralegal work billed at $140 per hour was reasonable).
[6] Ex. A, GAH Decl. ¶ 60.

statutes, regulations, and evolving case-law.").

In this action, Plaintiffs' claims were brought as a hybrid claims, pursuant to the FLSA and NCWHA, in addition to discrimination and common law claims, complicating the matter and presenting an additional "layer of complexity." *See supra at* 4-10. Plaintiffs' counsel had to investigate and research a number of complex wage and hour issues, including calculating appropriate overtime rates pursuant to 29 C.F.R. § 778.111, determining appropriate rates pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.6, and reviewing Defendants' defenses pursuant to statutory exemption, federal preemption, and 29 C.F.R. §§ 778.113-114 and 785.117, among other novel matters.

This required Plaintiffs' counsel to research and draft numerous legal briefs, motions, and more, regarding a number of complex disputes on topics including, but not limited to, the NCWHA, Defendant's payroll policies, and practices, liquidated damages, and willfulness, further supporting Plaintiffs' fee request.[7]

3. The Skill Required to Properly Perform the Legal Services Rendered (*Barber* Factor 3)

Attorneys' fees may be increased based on the particular skills and experience required to litigate a claim. *See Vincent v. Lucent Techs., Inc.,* No. 3:07-CV-00240, 2011 WL 5075650, at *8 (W.D.N.C. Oct. 25, 2011) (finding that attorneys' fees were reasonable in light of the complexity of the relevant federal laws). "Employment law is a very dynamic area of the law, requiring counsel to stay abreast of developments in both state and federal law. Moreover, as with any litigation in federal court, attorneys in overtime cases must be

---

[7] *See* Ex. A, GAH Decl. ¶¶ 20-22.

thoroughly familiar with developments and changes in the Federal Rules of Civil Procedure
. . . ." *Dewitt,* 2013 WL 6408371, at *10.

The claims alleged here required sophisticated wage and hour experience by Plaintiffs' counsel.[8] Having counsel well-versed in wage and hour laws was critical to the successful prosecution of this case. *See id.* Additionally, the interplay between the FLSA and the NCWHA is a complex area of statutory and administrative law that requires particular skill and experience to properly perform the legal services rendered in such cases. *Id.* Ultimately, Plaintiffs' counsel has experience litigating hybrid wage and hour cases such as this one, including several cases involving hundreds or thousands of class members, employees misclassified as exempt or independent contractors, joint employment, tip pooling practices, and employees subject to improper overtime rates.[9] Plaintiffs' counsel in this action brought a wealth of knowledge and expertise to this case, as outlined herein, and such knowledge and experience was necessary to arbitrate this matter. *See generally id.*

Furthermore, the present case required Plaintiffs' counsel to possess a high level of advocacy skills. Plaintiffs' counsel had to be proficient in legal writing, oral advocacy, and legal research to effectively represent Plaintiffs' interests. Plaintiffs' counsel demonstrated exceptional advocacy skills throughout the entire litigation. Thus, the skill requisite to perform the legal service properly provides strong grounds for the Court to Plaintiffs' requested attorneys' fees and costs.

---

[8] Ex. A, GAH Decl. ¶¶ 6-17; 18-24.
[9] Ex. A, GAH Decl., ¶¶ 6-7; 5-8, 13-14; 62.

8

4. <u>The Opportunity Costs in Pressing the Instant Litigation (*Barber* Factor 4)</u>

Courts consider the contingency of the litigation to determine the "opportunity costs or preclusion from other employment." *Lewis v. J.P. Stevens & Co.*, 1988 U.S. App. LEXIS 19610, at *10 (4th Cir. June 9, 1988); *see also Gilbert LLP v. Tire Eng'g & Distrib., LLC,*, 2017 U.S. App. LEXIS 8530, at *12 (4th Cir. May 15, 2017) ("Contingency agreements transfer a significant portion of the risk of loss to the attorneys."); *Goodman v. Phillip R. Curtis Enters., Inc.*, 809 F.2d 228, 235 (4th Cir. 1987) ("[A] contingency fee arrangement has an element of risk for any attorney and imposes on the attorney the duty to carry his client's claim through litigation, if necessary.") (citations omitted).

Moreover, the relative size of an attorney's practice, combined with the time demands of the litigation, highlight the reality of opportunity costs for plaintiffs' counsel in FLSA and NCWHA actions. *See Dewitt,* 2013 WL 6408371, at *11 (stating that where counsel documented over 187 hours, "represent[ing] a significant opportunity cost for an attorney . . . in terms of other cases that could have been handled during the same period," and where counsel "advanced all of the costs of this litigation," the opportunity costs factor was satisfied); *Vincent,* 2011 WL 5075650, at *5 ("[D]ue to . . . the small size of the firm of Plaintiffs' attorneys, and the finite resources of such firm, acceptance of this Plaintiffs' case resulted in the inability to accept other paying work," constituting significant opportunity costs); *Johannssen v. Dist. No. 1,* No. AMD 96-2355, 2001 WL 770987, at *4 (D. Md. July 10, 2001), *aff'd in part, remanded in part sub nom. Johannssen v. Dist. No. 1-Pac. Coast Dist., MEBA Pension Plan*, 292 F.3d 159 (4th Cir. 2002) ("The extensive

9

time spent on this case could certainly have been spent handling other cases; thus, involvement in this litigation carried with it significant opportunity costs.").

Here, Plaintiffs' counsel's practice consists of anywhere between four (4) and five (5) attorneys who dedicated valuable time to this action. Furthermore, Plaintiffs' counsel's efforts to date have been without any compensation, and their entitlement to payment has been wholly contingent upon procuring an award for their clients. Ex. A, GAH Decl. ¶¶ 56-58. Any lawyer who undertakes to represent a plaintiff in wage and hour actions must make a serious investment of time and resources. *Id.* This investment necessarily takes valuable time and resources away from other actions and clients. Despite the opportunity costs and risks, counsel represented Plaintiffs with vigor, culminating in a settlement for Plaintiffs. *Id.*

5. The Customary Fee for Like Work (*Barber* Factor 5)

To satisfy its burden under the *Barber* factors, a plaintiff must "present the Court with adequate evidence of the prevailing rates in the relevant market." *Plyer v. Evantt*, 902 F.2d 273, 277 (4th Cir. 1990). Moreover, "in circumstances where it is appropriate to retain counsel from other communities, 'the rates in those communities may also be considered.'" *LaFleur v. Dollar Tree Stores, Inc.*, 189 F.Supp.3d 588, 596 (E.D. Va. 2016). Similarly, in determining an attorney's rate, courts ordinarily look beyond the local geographic community, particularly when the local geographic community does *not* have enough attorneys specializing in the specific area at issue, and the "national market or a market for a particular legal specialization may provide the appropriate market [rate]." *See Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993) (citing *Hendrickson v. Branstad*, 740 F.

10

Supp. 636, 642 (N.D. Iowa 1990)) (reversed on other grounds, 934 F.2d 158 (8th Cir. 1991)); *Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, 2004 U.S. Dist. LEXIS 10164, at *10 (N.D. Iowa June 2, 2004) ("In specialized areas of law, the national market may provide a reasonable hourly rate."); *see also Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988) (**upholding extra-jurisdictional rates as reasonable because "[t]he complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally**"); *Morse v. Republican Party*, 972 F. Supp. 355, 364 n.4 (W.D. Va. 1997) (noting that where local attorneys had nationally-oriented practices, they were able to charge rates higher than those charged in the local community); *Covington v. District of Columbia*, 57 F.3d 1101, 1103 (D.C. Cir. 1995) (holding that rates charged in "complex federal litigation" comprised the relevant market rate for purposes of establishing the appropriate rate for fees).[10]

In January 2020, the Middle District of North Carolina analyzed the fees charged by Plaintiff's counsel in another matter and approving all of the following hourly rates for all attorneys who participated in that matter: $820 per hour (partner); $650 per hour (attorney); $475 per hour (associate); $300 per hour (attorney); $300 per hour (attorney); $290 per hour (paralegal); $290 per hour (paralegal); $275 per hour (attorney); $190 per hour (paralegal). *See Reynolds,* 2020 WL 92092, at *3 ("[c]lass [c]ounsel's actual hourly rates are reasonable for their experience . . . and the one-third share requested is in line with or less than the customary rates charged in this type of case"); *see also Tom v. Hosp.*

---

[10] *See* GAH Decl. ¶¶ 15-16, 58-59.

*Ventures, LLC*, CA No. 5:17-CV-98-FL, Dkt. 238, *1 (E.D.N.C. 2022) (same) (attached as Ex. C); *see also Roldan v. Bland Landscaping Co., Inc.*, CA No. 3:20-cv-00276-KDB-DSC, Dkt. 68, at *10-14 (W.D.N.C. 2022) (same); *Mearidy v. Nthrive Sols., Inc.*, No. 1:20CV387, 2021 WL 3619741, at *1 (M.D.N.C. Aug. 16, 2021) (approving GAH's current rates); *see also Lang v. Duplin County*, Ca. No. 7:18-cv-00077-BO, Doc. 77 (E.D.N.C. Jan. 1, 2020) (determining class counsel's requested fees were reasonable and awarding fees as requested).[11]

Here, as described above, and assessed below for "the ninth *Barber* factor (experience, reputation, and ability of the attorney), Plaintiffs' counsel has extensive North Carolina and national wage and hour experience, including in complex collective and class action lawsuits. *See infra.* Plaintiffs' counsel's current rates, $750 per hour, fall to the lower end of customary rates for an experienced partner's participation in wage and hour actions. *See* Ex. A, GAH Decl. ¶ 59. Since 2013, when the GAH law practice was launched, Plaintiffs' counsel Hernandez's hourly rate has increased by only 26%, from $595 to $750, which is a proportionate increase as compared to the firm's growth, demand, and increased experience. *Id.* ¶ 57. Moreover, for additional consideration, Plaintiffs' counsel refers this Court to the Laffey Matrix prepared by the Civil Division of the United States Attorney's Office for the District of Columbia, which has been formally adopted in the Fourth Circuit as a "starting point in evaluating fees." *U.S. ex rel. Thyssenkrupp Safway, Inc. v. Tessa Structures, LLC,* No. 1:10CV512 JCC/JFA, 2011 WL 2633902, at *7 (E.D.

---

[11] *See* GAH Decl. ¶¶ 15-17.

Va. July 5, 2011) (citing *Grissom v. The Mills Corp.,* 549 F.3d 313 (4th Cir. 2008));

*Newport News Shipbuilding and Dry Dock Co. v. Holiday,* 591 F.3d 219, 229 n. 11 (4th

Cir.2009) ("[T]he Laffey matrix is a useful starting point to determine fees. . .").

According to such report, the hourly rate appropriate for lead attorney Gilda A.

Hernandez should be $878 per hour given her experience in private practice employment

actions since 2008, over $100 *more* than Attorney Hernandez's requested rate. *See id.*; *see*

*also* Ex. A, GAH Decl. ¶ 57.  To that end, Plaintiffs' counsel's customary rates have been

previously approved by Courts in the Fourth Circuit, as recently as January 2024.[12]  *See*

*Cirillo v. Citrix Systs., Inc.* No.: 5:21-cv-00088-BO, Dkt. 129 (E.D.N.C. Jan. 5, 2024); *see*

*also e.g., Hollis et al. v. Valley Proteins, Inc.*, No. 321CV00112FDWDSC, 2022 WL

703606, at *1 (W.D.N.C. Aug. 2, 2022) (granting final approval of $6,750,000

collective/class action settlement and appointing GAH as class counsel) (final approval

granting $2.25 million in attorneys' fees on August 2, 2022 (Dkt. 123)); *Tom v. Hosp.*

*Ventures LLC*, No. 5:17-CV-98-FL, 2021 WL 2272386, at *9 (E.D.N.C. June 3, 2021)

(finding "Counsel Hernandez has zealously advocated for her clients in this case and has

pursued an appeal that was in part successful) (***settlement for approximately 63 servers***

***and settlement approved for $1,600,000 of which $1 million***[13] ***represented attorneys' fees***

***and costs*** on November 29, 2022 (Dkt. 240));[14] *Guerrero et al v. Pro-Klean, Inc.,* 09 CVS

29529 (NC Super. Ct. 2012) (approving requested fees, including GAH's then rate of

---

[12] *See* GAH Decl. ¶¶ 15-17.
[13] GAH's attorneys' fees exceeded plaintiffs and class members' damages.
[14] *See also* Ex. A, GAH Decl. ¶¶ 15, 58-59.

$375); *Prescott v. MorGreen Solar Sols., LLC,* No. 5:17-CV-365-FL, 2019 WL 1428687, at *10 (E.D.N.C. Mar. 29, 2019) (approving requested fees, including GAH's then rate of $650).

Given the recent caselaw and Plaintiffs' counsel's approved rates, the fee requested is customary under the applicable standards.

6. The Attorney's Expectations at the Outset of the Litigation (*Barber* Factor 6)

According to the Supreme Court, "[t]he fee quoted to the client or the percentage of the recovery agreed to is helpful in demonstrating the attorney's fee expectations when he accepted the case." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 723 (1987) (citations omitted). "Courts have generally recognized that a contingent fee lawyer may have the right to expect a fee greater than if his fee were guaranteed." *Va. Acad. of Clinical Psychologists v. Blue Shield of Va.*, 543 F. Supp. 126, 148 (E.D. Va. 1982). Because Plaintiffs' counsel represented Plaintiff on a contingency basis, Plaintiffs' counsel took on significant risk of non-payment, the burden of advancing litigation expenses, and the substantial opportunity cost of having to turn down other potentially lucrative work. Ex. A, GAH Decl. ¶¶ 56, 64.

These large risks strongly motivated Plaintiffs' counsel to perform work of the highest quality and in appropriate quantity, in order to fulfill their commitment to Plaintiffs. *Id*. Defendant's counsel also litigated this case actively and vigorously, which in turn, increased the time and energy required by Plaintiffs' counsel to prosecute the case to a successful conclusion. *See generally* Ex. A, GAH Decl. ¶¶ 17-49. This case, because of its

14

contingent nature and the challenges it posed to counsel on both sides, presented a high-stakes proposition justifying the attorney's fee request, consistent with Plaintiffs' counsel's expectations. *See generally id.* ¶¶ 57-58, 63-64.

7. The Time Limitations Imposed by the Client or Circumstances (*Barber* Factor 7)

Priority work that takes time away from the lawyer's other legal work is entitled to some premium. *See In re Steel Network, Inc.*, 2011 Bankr. LEXIS 3418, at *34 (U.S. Bankr. M.D.N.C. June 27, 2011); *Va. Acad. of Clinical Psychologists*, 543 F. Supp. at 148-49; *see also Hyatt v. Heckler*, 586 F. Supp. 1154, 1158 (W.D.N.C. 1984). Here, this action lasted *six (6) years,* and required a significant degree of research, briefing, interviewing, and inspecting, and trial preparation, which took time away from other legal work. *See supra*. As such, this factor weighs in favor of Plaintiffs' requested fees.

8. The Amount in Controversy and the Results Obtained (*Barber* Factor 8)

In the Fourth Circuit, "the most critical factor in calculating a reasonable fee award is the degree of success obtained." *Randle v. H&P Capital, Inc.*, 513 F. App'x 282, 284 (4th Cir. 2013) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)); *Lilly v. Harris-Teeter Supermarket*, 842 F.2d 1496, 1511 (4th Cir. 1988) (citing *Hensley*, 461 U.S. at 434-37). Success warranting attorneys' fees occurs when the moving party prevails "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Arvinger v. Mayor and City Council of Baltimore*, 31 F.3d 196, 200 (4th Cir. 1994). Likewise, when relief beyond sole monetary damages is received, this factor is further satisfied. *See Va. Acad. of Clinical Psychologists*, 543 F. Supp. at 149

15

(citing *Wheeler v. Durham City Bd. of Educ.*, 88 F.R.D. 27, 33 (M.D.N.C. 1980)).

In the present case, Plaintiffs' counsel obtained substantial success for Plaintiff.[15] Plaintiffs achieved a settlement, regarding their FLSA and NCWHA claims, in excess of what Defendant claimed Plaintiff would achieve "on their best day in court."[16] To underscore Plaintiffs' success, they each now been compensated for wages allegedly owed, *plus* liquidated damages and prejudgment interest. Accordingly, this factor weighs in favor of Plaintiffs' requested fees.

9. The Experience, Reputation and Ability of the Attorney (*Barber* Factor 9)

In determining the ability of the attorney, courts favorably consider "expertise in complex litigation and a history of success on difficult, high-stakes litigation." *McCurley v. Flowers Foods, Inc.,* No. 5:16-CV-00194-JMC, 2018 WL 6650138, at *6 (D.S.C. Sept. 10, 2018); *Braun v. Culp, Inc.,* No. C-84-455-G, 1985 WL 5857, at *4 (M.D.N.C. Apr. 26, 1985).

In this matter, Plaintiffs' counsel possesses twenty-seven (27) years of wage and hour experience.[17] Moreover, Plaintiffs' counsel has litigated both wage and hour individual and collective/class actions in private practice for sixteen (16) years, serving as class counsel in nationwide wage and hour actions on multiple occasions. *Id.* ¶¶ 9-10. counsel's skill and experience litigating wage and hour cases contributed to the success

---

[15] *See generally* Ex. A, GAH Decl.
[16] This statement is made solely to exhibit the degree of success and results obtained in this matter. This statement in no way suggests or implies that Plaintiffs' claims, or that Defendant recognition of Plaintiffs' claims, display any degree of underlying validity.
[17] Ex. A, GAH Decl. ¶ 57.

obtained and weighed in favor of granting the requested fees. *Reynolds,* 2020 WL 92092, at *4.

10. The Undesirability of the Case Within the Legal Community in Which the Suit Arose (Barber Factor 10)

**Courts in this Circuit may enhance attorneys' fees "when the prevailing party can establish that, absent an adjustment, [the plaintiffs] 'would have faced substantial difficulties in finding counsel in the local or other relevant market.'"** *Lewis*, 1988 U.S. App. LEXIS 19610, at *11 (quotations omitted). Lawsuits that are undesirable, either because of the novelty of the issue or the difficulty of the litigation, are eligible for premium attorney's fees. *See Alexander v. Hill*, 625 F. Supp. 567, 570 (W.D.N.C. 1985) (considering that the case in question was "frustrating and thankless and require[d] great dedication" as the basis for an upward adjustment in attorneys' fees); *Mackey v. Stetson*, No. C-C-77-124, 1981 WL 273, at *2 (W.D.N.C. Sept. 21, 1981) (stating the fact that "not all lawyers are willing to handle" a certain type of case, warrants "[a]n upward adjustment . . . to reward plaintiffs' counsel's willingness to handle th[e] case, and to encourage others to do so in the future.").

Relevant to this factor in this matter is that Plaintiffs' counsel took this complex, expensive, and time-consuming case on a pure contingency basis, ***with no guarantee of payment***, unless the matter was successfully resolved by settlement or judgment.[18] Plaintiffs' counsel brought this case knowing they would face vigorous, hard-fought litigation from highly motivated opponents and high-caliber defense attorneys. Ex. A,

---

[18] Ex. A, GAH Decl. ¶¶ 56-58.

GAH Decl. ¶¶ 10-15, 54-56. Plaintiffs' counsel is also the only firm, not only in the Eastern District, but in the State of North Carolina, that practices nearly *exclusively* wage and hour law, pursuant to the FLSA and NCWHA, giving Plaintiffs' counsel a far greater degree of expertise and experience than other attorneys. *See id*. ¶¶ 6-18, 56.

As stated above, given Defendants' size, resources, and access to the best defense firms, and the lack of availability of firms that specialize in Plaintiffs' wage and hour law, there are less than a handful of local Plaintiffs' firms that would be willing to litigate claims against Defendants, especially in federal court. The risk of no payment, Plaintiffs' personal circumstances, Defendants' motivation and resources, and the lack of other similar attorneys in the area all highlight the general and potential lack of desirability among local attorneys to pursue this type of claim. As such, this factor supports Plaintiffs' request for fees.

11. The Nature and Length of the Professional Relationship Between Attorney and Client (Barber Factor 11)

A first-time, one-time, and/or contingency relationship may render this factor irrelevant from the attorneys' fee analysis, and therefore inconsequential. *See Price v. City of Fayetteville, N.C.*, No. 5:13-CV-150-FL, 2015 WL 1222168, at *6 (E.D.N.C. Mar. 17, 2015). In situations such as this, with a one-time retention not likely to lead to repeat business from the same client, rates should be higher than what firms obtaining repeat business charge, further supporting Plaintiffs' counsel's requested fees.

12. Attorney's Fees Awards in Similar Cases (*Barber* Factor 12)

"In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees

18

need not be proportional to the damages plaintiffs recover, because the award of attorneys'

fees in such cases encourages the vindication of Congressionally identified policies and

rights." *Allende v. Unitech Design, Inc.*, 783 F.Supp. 2d 509, 511 (S.D.N.Y 2011); *see

also Gonzalez v. Scalinatella, Inc.*, 112 F.Supp.3d 5, 10-11 (S.D.N.Y. 2015); *Almendarez

v. J.T.T. Enters. Corp.*, 2010 U.S. Dist. LEXIS 88043, at \*8 (D. Md. Aug. 25, 2010) ("Strict

application of proportionality would undermine Congress' purpose to ensure that victims

of civil rights violations, who very often could not afford to pay counsel at market rights,

have effective access to the legal system.") (citing *City of Riverside v. Rivera*, 477 U.S.

561, 576 (1986)); *Perrin v. John B. Webb & Assocs.*, 2005 U.S. Dist. LEXIS 35473 (M.D.

Fla. Oct. 6, 2005) ("[I]n order for plaintiffs with minimal claims to obtain counsel, those

counsel must be able to recover a reasonable fee for their time.").

     Proportionality of the fees with respect to the sum of damages is not the appropriate

inquiry – the appropriate inquiry is merely whether attorney's fees are "reasonable." *See

Cowan v. Prudential Ins. Co. of America*, 935 F.2d 522, 526 (2d Cir. 1991) ("A

presumptively correct 'lodestar' figure should not be reduced simply because a plaintiff

recovered a low damage award."); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir.

1999) ("Congress enacted fee-shifting [provisions] . . . precisely because the expected

monetary recovery in many cases was too small to attract effective legal representation.").

The Supreme Court has established a "strong presumption" that the lodestar amount

represents a "reasonable" fee in fee-shifting statutes. *See City of Burlington v. Dague*, 505

U.S. 557 (1992). Courts within the Fourth Circuit and throughout the country have

repeatedly awarded reasonable attorney's fees that were far in excess of a Plaintiffs'

damages. *See, e.g., Rivera v. Riverside*, 763 F.2d 1580, 1581-83 (9th Cir. 1985) (awarding $245,456 in fees for a $33,350 judgment); *Copeland*, 641 F.2d at 891 (en banc) (awarding $160,000 in fees for a $33,000 judgment); *Butler v. Directsat USA, LLC*, 2016 WL 1077158 (D. Md. Mar. 18, 2016) (approving attorneys' fees award of $258,390.67 in FLSA collective action where plaintiffs had each received between $54.36 and $4,197.78, for a total of approximately $36,000); *Parra v. Quality Controlled Concrete, LLC*, No. 1:13-cv-1113, Dkts. 49-1, 50 (M.D.N.C. Apr. 2, 2015) (approving $126,500 in fees, where FLSA/NCWHA damages were only $12,000); *Almendarez*, 2010 U.S. Dist. LEXIS 88043 (concluding that $84,058 attorneys' fee award was reasonable, even though jury verdict in favor of three of eight plaintiffs awarded plaintiffs only $3,200, $1,200, and $2,200 each); *cf. Atkins v. Sunbelt Rentals, Inc.*, 2016 U.S. Dist. LEXIS 85768, at *11 (D. Md. June 29, 2016) ("[T]he FLSA is a civil rights statute, and the Fourth Circuit has recognized that awards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation.").

Rather, "[f]ee awards in wage and hour cases should encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Caltenco v. G.H. Food Inc.,* No. 22-2791, 2024 WL 1338784, at *1 (2d Cir. Mar. 29, 2024) (internal quotation marks and citations omitted)). In order to "advanc[e] Congress's goals under the FLSA to ensure a 'fair day's pay for a fair day's work,' the law cannot be read to impose a proportional limitation based on the perceived complexities of the litigation." *Id.* (citations omitted) (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942))). Indeed, in FLSA cases, "[courts

20

repeatedly reject] the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Id.* (internal quotation marks and citation omitted); *see also Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 110 (2d Cir. 2022).

Moreover, "attorneys' fees awards may 'substantially exceed [ ] damages' in FLSA cases." *See e.g., Peterson v. Nelnet, Atkins v. Sunbelt Rentals, Inc.*, Civ. No. PWG-14-1717, 2016 WL 3647610, at *4 (D. Md. June 30, 2016) (listing cases and determining an award of $95,400 in fees was reasonable where plaintiff settled his FLSA claim for $30,000 after two-years of litigation but before trial commenced); *Castel,* 2008 WL 3348774, at *5 (recognizing the commonality of attorneys' fees awards in FLSA cases being substantially larger than a plaintiff's recovery, especially where defendant's choices prolonged litigation); *Copeland*, 641 F.2d at 906-07 (affirming $160,000 attorneys' fees award for obtaining a $33,000 judgment plus equitable relief); *Butler*, 2016 WL 1077158, at *1 (awarding $258,390.67 in fees where plaintiffs recovered $36,000 total); *Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012) (awarding $110,115.94 in fees where eight plaintiffs recovered $13,940 in back pay); *Morris*, 343 F.Supp.2d at 248 (awarding $154,900 in fees where plaintiff was awarded $16,000); *Roussel v. Brinker Int'l, Inc.,* No. CIV.A.H-05-3733, 2010 WL 1881898, at *14 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom. Roussell v. Brinker Int'l, Inc.,* 441 F. App'x 222 (5th Cir. 2011) (**awarding over $1.7 million in attorneys' fees and costs, where the plaintiffs were awarded approximately $262,000 in damages**); *Smith v. Merrimack Valley Corp.*, 2019 WL 2246177, at *3 (Mass.App.Ct., 2019) (affirming fee

21

award of $499,936.20 in attorneys' fees where jury awarded $52,183.41 before trebling and interest); *Kern v. Suffolk County Sheriff's Dept.*, No. Civ.A. 01–11355–GAO, 2003 WL 21697050, *2 (D. Mass. Jul. 7, 2003) (awarding $22,500 in attorney's fees under the Fair Labor Standard Act for $1,772.24 in overtime damages); *Foley v. City of Lowell, Mass.*, 948 F.2d 10, 20 (1st Cir.1991) (reasonable fee award may exceed damage recovery "several times over"); *Lipsett v. Blanco*, 975 F.2d 934, 939 (1st Cir. 1992) (considering the "bitter" resistance mounted by the defendants in declining to reduce plaintiff's request for attorneys' fees); *Peterson v. Nelnet Diversified Sols., LLC*, No. 17-CV-01064-NYW, 2022 WL 408241, at *6 (D. Colo. Feb. 10, 2022) (finding $1.6 million in attorneys' fees and costs reasonable where plaintiffs recovered $87,492.48 in back pay and liquidated damages).

 In the present case, Plaintiffs were awarded a total of [AMOUNT REDACTED][19] in damages, inclusive of Plaintiff Mebane's previous settlement for his individual claims. Ex. B, Named Plaintiff Mebane's Settlement Agreement for His Individual Claims. Plaintiffs' counsel is requesting **$1,051,821,90** for attorneys' fees and costs, similar to that of *Peterson*, *Perdomo*, and several other FLSA cases. The request for attorneys' fees and costs is consistent with the statutory text of the FLSA and NCWHA, *see* 29 U.S.C. § 216(b), N.C. Gen. Stat. § 95-25.22(d). Accordingly, the request for attorneys' fees and costs support this factor in that it is similar, in amount and proportionality, to other FLSA fee awards.

---

[19] *See* Dkt 231, (Unredacted Settlement Agreement filed under seal with Mebane and Worsham's damages); *see also* Dkt. 235, (Unredacted Mebane's Individual Settlement Agreement filed under seal)

IV. **CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully requests that the Court grant their Motion for Attorney's Fees and Costs and enter an Order awarding attorneys' fees and costs in the amount of $995,937.00 (fees) and $55,884.90 (costs) for a combined total of **$1,051,821.90.**

Respectfully submitted this December 17, 2024.

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No: 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew S. Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.3(D)(1)

I hereby certify that the foregoing complies with Local Rule 7.3(D)(1), as it contains

6,175 words, excluding parts of the memorandum that are exempted by LR 7.3(D)(1).

I certify that the foregoing is true and accurate.

Respectfully submitted this December 17, 2024.

*/s/ Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No: 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew S. Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)
**THE LAW OFFICES OF GILDA A.
HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com

*Attorneys for Plaintiffs*

24

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2024, I electronically filed the foregoing true and accurate copy of **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** with the Court using the CM/ECF system, and have thereby electronically served the document to the following:

Paul DeCamp (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
1227 25th St., N.W., Suite 700
Washington, D.C. 20037
Tel: (202) 861-1819
Fax: (202) 861-3571
PDeCamp@ebglaw.com

Adriana S. Kosovych (Special Admission)
Victoria Sloan Lin (Special Admission)
**EPSTEIN BECKER & GREEN, P.C.**
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
AKosovych@ebglaw.com

Kevin S. Joyner (NCSB No. 25605)
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Tel: (919) 787-9700
Fax: (919) 783-9412
Kevin.joyner@ogletree.com
*Attorneys for Defendant*

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No.: 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew S. Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Ste. 130
Cary, NC 27513

25

Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com

*Attorneys for Plaintiffs*

26