## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MEBANE and )
ANGELA WORSHAM, )
                 )
    *Plaintiffs*, )
                 )
      v. )           1:18-cv-892
                 )
GKN DRIVELINE )
NORTH AMERICA, INC., )
                 )
    *Defendant*. )

## ORDER

Before the Court is a Joint Motion for Approval of Settlement in the above-captioned case, filed by Plaintiffs James Mebane and Angela Worsham ("Plaintiffs") and Defendant GKN Driveline North America, Inc. ("Defendant"), (ECF No. 228). In addition, attached to the Memorandum in Support of Joint Motion for Approval of Settlement, (ECF No. 229), is the Proposed Settlement Agreement and Stipulation for Entry of Judgment and Consent Order as *Exhibit A*, and *A-1*. (ECF No. 229-1). Further, on December 3, 2024, the parties filed a fully executed Settlement Agreement and Release with the Court which is intended to resolve all claims asserted in this action by Plaintiffs. (ECF No. 231).

Plaintiffs and Defendant ("the Parties") have requested that the Court enter an Order (1) asserting jurisdiction over the claims alleged, the Parties in this action, and the implementation and administration of the proposed Settlement Agreement; and (2) adjudging the terms of the proposed settlement to be fair, reasonable and adequate, and in the best interests of the Plaintiffs and directing consummation of its terms and provisions.

The Court having reviewed and considered the Parties Joint Motion, (ECF No. 228), and papers in support of the motion to include the fully executed Settlement Agreement and the Stipulation for Entry of Consent Judgment, hereby enters the following:

1. This Court has jurisdiction over the subject matter of the action and all matters relating to the settlement as well as personal jurisdiction over the Parties.

2. Without admitting liability, Defendant nevertheless wishes to resolve this matter, and it hereby consents to entry of judgment in the above-captioned case and entry of this Order against it.

3. The Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for Plaintiffs and Defendant.

4. The Court further concludes that the settlement is fair, reasonable, and adequate, in the best interests of Plaintiffs, and the result of extensive litigation, arm's length negotiations among the parties after Plaintiffs' counsel investigated the claims and became familiar with the strengths and weaknesses of the case.

5. The Court concludes that the settlement process was non-collusive.

6. The Court concludes that the proposed Settlement has no obvious defects.

7. Based on the Court's review of papers submitted in support of settlement approval, the Court concludes that the proposed Settlement Agreement provides adequate relief to the Plaintiffs, and that the release of their respective claims is appropriately tailored.

8.     Based on the above conclusions, the Court hereby approves the settlement and therefore **GRANTS the Parties Joint Motion for Approval of Settlement. (ECF No. 228).**

9.     Consistent with the Parties' Settlement Agreement, Plaintiffs retain the right to request a special monetary or service award in connection with related cases.  Specifically, to the extent *Ayers et al. v. GKN Driveline North America, Inc.*, CA No. 1:23CV00581-LCB-LPA, *Ferges et al., v. GKN Driveline North America Inc.,* CA No. 1:23CV00585-LCB-LPA, and *Carson et al., v. GKN Driveline North America Inc.,* CA No. 1:23CV00583-LCB-LPA reach a resolution, nothing in the Parties' Settlement Agreement And Release precludes Plaintiffs from each requesting to receive a monetary service award for their contributions and efforts in enabling the furtherance and potential resolution of such cases and/or claims.

10.     Consistent with the Parties' Settlement Agreement, the Parties have agreed that Plaintiffs preserve the right to appeal this Court's Decertification Order dated May 12, 2023, (ECF No. 198), including via substitution of named plaintiffs.  To the extent there is no global resolution of all three matters as identified in ¶ 9 above by the time the Court rules on Plaintiffs' motion for attorneys' fees and costs, Plaintiffs will have thirty (30) days following the Court's ruling on Plaintiffs' anticipated motion for attorneys' fees and costs to file any notice of appeal.

11.     The Court shall retain jurisdiction over this matter for the purpose of enforcing the Parties' Settlement Agreement and this Order.  If Defendant violates this Order, it may be subject to civil and criminal sanctions for contempt of court.

12. This is a final Order that resolves all outstanding claims between the Parties except attorney's fees and plaintiff's reservation of the right to appeal the Court's Decertification Order. (ECF No. 198). All other remaining claims between the parties are **Dismissed with Prejudice**.

13. A Final Judgment shall be simultaneously filed with this Order.

**IT IS SO ORDERED.**

This, the 5th day of August 2025.

/s/ Loretta C. Biggs
Senior United States District Judge

4