IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MEBANE and ANGELA )
WORSHAM, )
                        )
            Plaintiffs, )
                        )
v.                      )    1:18-CV-892
                        )
GKN DRIVELINE NORTH     )
AMERICA, INC.,          )
                        )
            Defendant.  )

# MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiffs, James Mebane and Angela Worsham, are employees at the Mebane factory operated by the defendant GKN Driveline North America. They filed suit alleging that GKN's employment practices violated the Fair Labor Standards Act and the North Carolina Wage and Hour Act. Mr. James also asserted a claim under the Age Discrimination in Employment Act and various state law tort claims. The parties have now settled all claims, and Mr. Mebane moves to seal the settlement agreement resolving all his claims except the wage-and-hour claims. Because he has not overcome the public's right of access to judicial records, the motion will be denied.

The public has a right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The right of public access to judicial records derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Documents filed with the court are judicial records entitled to the common law right of access "if they play a role in the adjudicative process, or adjudicate substantive rights," such as when "they were filed with the objective of obtaining judicial action or relief." *In re Application of the U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290–91 (4th Cir. 2013). Documents filed with the court are subject to the First Amendment right of access if the proceeding at issue "has historically been open to the press and general public" and "where public access plays a significant positive role in the functioning of the particular process in question." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 171 (4th Cir. 2024).

When a party asks to seal judicial records, a court ordinarily "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Va. Dep't of State Police*, 386 F.3d at 576 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). Settlement agreements and associated exhibits have been reviewed under the common law right of access and the First Amendment right of access, depending on context. *See, e.g., Jeter Est. of Patterson v. Correct Care Sols., LLC*, No. 19-CV-152, 2020 WL 13551437, at *3 (M.D.N.C. July 16, 2020); *Browne v. Pantry, Inc.*, No. 11-CV-587, 2011 WL 5119263, at *1 (M.D.N.C. Oct. 28, 2011); *Mears v. Atl. Se. Airlines, Inc.*, No. 12-CV-613, 2014 WL 5018907, at *2–3 (E.D.N.C. Oct. 7, 2014); *Owino v. IBM Corp.*, No. 12-CV-1041, 2013 WL 2947146, at *1 (M.D.N.C. June 14, 2013).

Here, the settlement agreement was filed in support of plaintiffs' motion for attorney fees. Docs. 233, 235. Because plaintiffs have asked the Court to consider the

contents of the agreement in ruling on their motion for attorney fees, the agreement is a judicial record entitled to at least the common law right of access.[1] *See Supinger v. Virginia*, No. 15-CV-17, 2019 WL 10947417, at *2 (W.D. Va. Mar. 8, 2019).

The common law presumes a right of access to all judicial records and documents, and this presumption is rebutted only if "countervailing interests heavily outweigh the public interests in access." *Nelnet*, 105 F.4th at 171 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 15-CV-274, 2017 WL 6001818, at *3 (M.D.N.C. Dec. 4, 2017). The burden of establishing such a countervailing interest is on the party seeking to keep the material secret. *Rushford*, 846 F.2d at 253.

In evaluating whether a party has met its burden to overcome the public's right of access, courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon*, 435 U.S. at 602. Courts should evalaute, for example, (1) "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage;" (2) "whether release would enhance the public's understanding of an important historical event;" and (3) "whether the public has already had access to the information contained in the records." *Nelnet*, 105 F.4th at 171 (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

---

[1] The plaintiffs appear to concede that the more burdensome First Amendment right of access standard applies, Doc. 237 at 3–5, but since case law varies on this point and the offered justifications for sealing are insufficient even under the less burdensome common law standard, *see infra* at 4–6, the Court will analyze the motion under that lower standard.

3

Here, the public has a significant interest in access to the settlement agreement. Mr. Mebane's attorneys rely on it to a significant degree in seeking attorney fees and in justifying the amount of those fees. *See* Doc. 234 at 15–16; Doc. 234-1 at ¶¶ 51–52. Without disclosure of the settlement agreement, the public will not be able to fully evaluate the basis for a judicial decision. *See Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). "Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision." *Id.* (quoting *Mueller v Raemisch*, 740 F.3d 1128, 1135 (7th Cir. 2014)). The confidentiality provision in the agreement indicates that the public has not already had access to the information, but there is no evidence that any third party would use the information for an improper purpose.

Mr. Mebane has offered very little in his attempt to overcome the public's significant interest in access to this judicial record. He contends in his brief that the settlement agreement should "be sealed because it contains private, sensitive, or confidential information and for it to be made public would be a breach of the settlement agreement." Doc. 237 at 5. The inclusion of a confidentiality provision in a settlement agreement does not, standing alone, justify sealing the agreement. *See Supinger*, 2019 WL 10947417 at *2 (denying motion to seal settlement agreement despite confidentiality provision because fee petition put contents of settlement agreement at issue).

Aside from vague assertions about privacy and confidentiality unsupported by any other evidence, Mr. Mebane identifies no countervailing interest that outweighs the strong public interest in access to judicial documents. *See Ashcraft v. Conoco, Inc.*, 218

4

F.3d 288, 302 (4th Cir. 2000).[2] And plaintiffs do not point to any cases in which a settlement agreement was sealed under like circumstances. *See* Doc. 237 at 5; LR 5.4(c)(3).

This district's Local Rules make it clear that:

> [n]o motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with evidentiary support, including affidavits or declarations, and with citation to any supporting statutes, case law, or other authority.

LR 5.3(c)(3). Well-established case law confirms that "superficial allegations" about confidentiality are insufficient. *See, e.g., Teras v. Wilde*, No. 14-244, 2015 WL 858310, at *12 (D. Md. Feb. 26, 2015).

There may well be good reasons to seal the settlement agreement, but the plaintiffs have not presented them to the Court. The Court will not attempt to divine them on the plaintiffs' behalf or speculate about possible grounds for sealing not established by the record. *See Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.").

As the moving party, the plaintiffs bear the burden of demonstrating why the settlement agreement should be sealed. *Rushford*, 846 F.2d at 253. The plaintiffs have

---

[2] *Contrast Supinger*, 2019 WL 10947417 at *2 (denying motion to seal settlement agreement due to insufficient countervailing interests), *with M.G.M. ex rel. Mabe v. Keurig Green Mountain, Inc.*, No. 22-CV-36, 2022 WL 6170557, at *2 (M.D.N.C Oct. 7, 2022) (granting motion to seal settlement agreement to protect privacy of a minor), *and Ultra-Mek, Inc. v. United Furniture Indus.*, No. 18-CV-281, 2021 WL 8533815, at *5 (M.D.N.C. Mar. 22, 2021) (granting the same to protect sensitive business information).

offered reasons that are inadequate and conclusory. The defendant did not file anything in support of the motion to seal, though it had the opportunity. The Court finds and concludes that the motion to seal should be denied.

It is **ORDERED** that the plaintiffs' motion to seal, Doc. 236, is **DENIED** and the Clerk **SHALL** unseal the settlement agreement at Doc. 235.

This the 18th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE

6

Case 1:18-cv-00892-CCE-LPA    Document 270    Filed 09/19/25    Page 6 of 6