IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MEBANE and ANGELA )
WORSHAM, )
 )
                Plaintiffs, )
 )
     v. )        1:18-CV-892
 )
GKN DRIVELINE NORTH )
AMERICA, INC., )
 )
                Defendant. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The prevailing party in a Fair Labor Standards Act ("FLSA") case is statutorily entitled to reasonable attorneys' fees and costs, to be paid by the employer-defendant. Such fees are also authorized under North Carolina law. The employer-defendant in this case, GKN Driveline North America, agreed to pay the two plaintiffs a total of $30,000 on their wage and hour claims, so plaintiffs James Mebane and Angela Worsham are the prevailing party. GKN also agreed to pay Mr. Mebane an additional $175,000 to resolve other claims arising out of his employment.

The plaintiffs now move for an award of attorneys' fees of nearly $1,000,000 for their work and for reimbursement of over $55,000 in costs. The initial evidentiary support for their motion was inadequate, they did not comply with the local rule requiring consultation before filing a motion for attorneys' fees, and they included time spent on an ultimately unsuccessful claim for collective certification without identifying such time or

establishing that all of the claimed time was spent on factual or legal issues intertwined with their successful claims. The time records submitted with their reply brief are not presented in a way that allows the Court to determine a reasonable fee and were not made available to GKN. The motion will therefore be denied.

For its part, GKN moves to strike several affidavits and the billing records that the plaintiffs filed alongside their reply brief. The affidavits proffer appropriate rebuttal evidence, so they will not be stricken. The billing records, however, are well outside the scope of proper rebuttal evidence and they were filed under seal without an accompanying motion to seal. They will be stricken.

## I. Relevant Procedural Background

Mr. Mebane and Ms. Worsham initiated this suit in October 2018, alleging that GKN followed wage and hour policies that violated the federal FLSA and the North Carolina Wage and Hour Act ("NCWHA"). Doc. 235 at ¶ A. Mr. Mebane also alleged that GKN had illegally discriminated against him and committed various state law torts against him during his employment. *Id*. The plaintiffs brought their FLSA claim on a collective basis and their NCWHA claim on a class basis. *Id*.

Over the next two years, discovery and pre-trial motions practice ensued, largely directed to certification issues. In November 2020, the Court ordered preliminary certification of the FLSA collective and certified the NCWHA class under Rule 23. Doc. 82. The NCWHA class was expanded in August 2022. Doc. 154. A total of 384 GKN employees ultimately opted in to the FLSA collective action. Doc. 35; Doc. 53; Docs. 91 through 92; Docs. 95 through 99.

2

After GKN moved to decertify, Doc. 173, the Court granted the motion in May 2023, and the FLSA collective and NCWHA class were decertified. Doc. 198. This left Mr. Mebane and Ms. Worsham as the lone plaintiffs.[1]

The case dragged on for a further year and a half, including an abortive interlocutory appeal. Doc. 205. In November 2024, as the trial date approached, the parties agreed to settle. Doc. 231; Doc. 235.

From the $30,000 settlement amount paid by GKN to resolve the wage and hour claims, Mr. Mebane's share was $27,089.80 and Ms. Worsham's share was $2,910.20. Doc. 231 at 2. GKN also agreed to pay Mr. Mebane $175,000 to resolve his individual claims unrelated to the wage and hour causes of action. Doc. 235 at 3.

The parties moved jointly for court approval of the settlements, Doc. 228, and the plaintiffs moved for an award of $995,937 in attorney fees and $55,884.90 in costs. Doc. 234 at 33. The Court approved the settlement in early August 2025. Doc. 266.[2] The motion for attorneys' fees and costs is now ripe for resolution.

## II.     Motion for Attorneys' Fees and Costs

The FLSA authorizes reasonable attorneys' fees and costs for successful plaintiffs and their counsel. 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, . . . allow a reasonable attorney's fee to be paid by the defendant."). FLSA plaintiffs are thus

---

[1] Some of the employees who had opted in to the collective soon filed new lawsuits. Nos. 23-CV-581, 23-CV-583, 23-CV-585 (M.D.N.C.).

[2] This case was reassigned to the undersigned after court approval of the settlement, upon the original judge's move to inactive status.

3

"entitled to an award of attorney's fees and costs that they establish as reasonable."[3] *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010) (per curiam). The requirements for showing a reasonable fee are well-established. *See, e.g.*, *Hensley*, 461 U.S. at 433–37. The Local Rules for this district establish the time frame and procedural requirements for such motions, including a requirement to meet and confer. LR 54.2.

There are at least two serious problems with the plaintiffs' motion for attorneys' fees. First, the motion did not comply with the requirements of Local Rule 54.2. Second, even if the Court were inclined to overlook that meaningful shortcoming, the plaintiffs' fee application lacks adequate evidentiary support.

### A. Failure to Comply with Local Rule 54.2

Local Rule 54.2 provides that "[t]he Court will not consider a motion to award statutory attorney's fees until moving counsel shall first advise the Court in writing that after consultation the parties are unable to reach an agreement in regard to the fee award." *Id.* That written statement must "set forth the date of the consultation, the names of the participating attorneys, and the specific results achieved." *Id.* If the parties are unable to reach an agreement, then the "moving party shall file the statement of consultation required by this rule and a motion, supported by affidavits, time records, or other

---

[3] Attorneys' fees for prevailing plaintiffs are mandatory under the FLSA, but not under the NCWHA. *Brown v. Caruso Homes, Inc.*, 294 N.C. App. 9, 12–13, 901 S.E.2d 450, 453 (2024). Given the intertwined nature of the FLSA and NCWHA claims here, the hours attributable to one of those causes of action are also attributable to the other. So, there is no need to separately assess whether a fee award is warranted under the NCWHA. *See generally Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

4

evidence, setting forth the factual basis for each criterion which the Court will consider in making such an award." *Id.*

A district court's local rules have the force of law, *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010), and "are binding on the parties and the court that promulgated them." *Muhammad v. Fleming*, 29 F.4th 161, 166 n.6 (4th Cir. 2022). It is within a district court's discretion to deny motions for failure to comply with local rules. *See United States ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 703 (4th Cir. 2014).

Here, the plaintiffs did not file the required statement of consultation with their motion for attorneys' fees. Nothing in the record suggests that the required consultation ever occurred. This procedural infirmity alone is a sufficient reason to deny the motion for attorneys' fees. *See Design Res., Inc. v. Leather Indus. of Am.*, No. 10-CV-157, 2015 WL 12752729, at *3–*4 (M.D.N.C. May 19, 2015); *Basnight v. Diamond Devs., Inc.*, 178 F. Supp. 2d 589, 594 (M.D.N.C. Nov. 20, 2001). But it is not the only reason.

### B. Inadequacy of the Fee Petition

To determine the amount of a reasonable award in an FLSA case, courts apply the same analytical framework used in other fee-shifting contexts. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992) (applying the lodestar mode of analysis laid out in *Hensley*). Courts take as the starting point the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, evaluated considering several factors. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (adopting the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Courts then "subtract fees for hours spent on unsuccessful claims unrelated

to successful ones." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (cleaned up). "Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (cleaned up).

In determining a reasonable fee, courts can take into account that it can be "difficult to divide the hours expended on a claim-by-claim basis" when "the plaintiff's claims for relief involve a common core of facts or are based on related legal theories" because the efforts of the plaintiffs' counsel may have been "devoted generally to the litigation as a whole." *Hensley*, 461 U.S. at 435. If the hours submitted relate to issues on which the plaintiffs prevailed and the unsuccessful issues are inextricably intertwined with the issues on which the plaintiffs prevailed, such fees can be awarded. *See, e.g, Eschert v. City of Charlotte*, No. 3:16-cv-295, 2017 WL 3840275, at *4 (W.D.N.C. Sept. 1, 2017). "The most critical factor is the degree of success obtained." *Hensley*, 461 U.S. at 436.

As always, "[f]ee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012); *accord Jones v. Dancel,* 792 F.3d 395, 404 (4th Cir. 2015). Over thirty years ago, the Fourth Circuit provided clear guidance on how to meet this burden. "First, the applicant must make every effort to submit time records which specifically allocate the time spent on each claim." *Fair Hous. Council of Greater Wash. v. Landow*, 999 F.2d 92, 97 (4th Cir. 1993). Then, "those records should attempt to specifically describe the work which the fee applicant allocated to unsuccessful claims so as to assist the district court in determining the reasonableness of the fee request." *Id.*

6

"Only after the fee applicant complies with his burden must the district court make specific findings as to the appropriate fee award." *Id.* Here, plaintiffs' counsel has not made this threshold showing.

Here, the plaintiffs were very successful on their personal wage and hour claims. The parties represented to the Court in other filings that the plaintiffs recovered 96.8% of their claimed damages, including liquidated damages and interest. Doc. 229 at 8. But the docket reflects that many motions and briefs were directed to issues related to Rule 23 class certification of the North Carolina wage and hour claims and to certification of an FLSA collective. *See, e.g.*, Docs. 55, 63, 66, 70, 75, 133, 148. While they were initially successful in those efforts, the Court eventually decertified both the collective and the class. Doc. 198.

In support of the motion for attorneys' fees, plaintiffs' counsel submitted four exhibits: (1) a declaration by their lead counsel describing the work her firm has done in this case and listing the number of hours spent by attorneys and paralegals, Doc. 234-1, (2) the individual settlement agreement the parties reached on Mr. Mebane's individual non-wage and hour claims, Doc. 235, (3) an order granting plaintiffs' counsel unopposed motion for attorneys' fees and costs in another case, Doc. 234-3, and (4) a copy of the Laffey matrix. Doc. 234-4. This evidence is inadequate to allow the Court to evaluate whether the requested fee is reasonable, much less to support a finding that a fee of almost a million dollars is reasonable.

Lead plaintiffs' counsel Gilda Hernandez affirmed that as of mid-December 2024, her firm had "spent more than 3,360.40 hours litigating and settling this litigation." Doc.

234-1 at ¶ 53. She provided a breakdown of how much time various attorneys and support staff "worked on this case," noting, for example, that she had worked over 900 hours on the matter. *Id.* at ¶ 60. But nowhere does she explain how much time was spent on what tasks or claims, much less any information on the specifics of those tasks. While Ms. Hernandez affirmed that she excluded duplicate time entries and "all entries related to the decertification," among other things, *id.*, she provided no supporting data that would allow the defendant or the Court to confirm that representation. Nor does she address how much time was spent earlier in the case seeking and obtaining preliminary certification or how those efforts were related to the plaintiffs' personal wage and hour claims. It is thus impossible to evaluate how many hours plaintiffs' counsel spent working on the successful versus unsuccessful claims in this case or how much time counsel spent on Mr. Mebane's unrelated state law claims. *See Hensley*, 461 U.S. at 437, 440 (noting that if "the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained" and directing that "the applicant should . . . maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.").

After GKN addressed these infirmities in opposition to the motion, the plaintiffs filed under seal what they identified as all of their firm's billing records for this case, dating back to 2018, offering them for *in camera* review. Docs. 251 through 252. For reasons discussed further below, the Court has not considered those records in deciding the motion for attorneys' fees and will order that they be stricken. *Infra* at 12–14.

The plaintiffs also filed additional affidavits with their reply brief, but they were directed at the reasonableness of counsel's hourly rates and the complexity of cases like this one. *See* Docs. 244 through 250. They did not address the number of hours worked on each issue, the total number of hours worked, or what portion of those hours plaintiffs' counsel spent litigating unsuccessful aspects of the case.

The FLSA makes an award of reasonable attorneys' fees to a prevailing party mandatory. 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, . . . allow a reasonable attorney's fee to be paid by the defendant."); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). But the amount of attorneys' fees awarded remains in "the sound discretion of the trial court," *Burnley*, 730 F.2d at 141, and the mandatory nature of the fee award does not excuse the prevailing party from showing that the requested fee is reasonable. *See Fisher v. SD Prot., Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016); *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 32 (2d Cir. 2014) (per curiam). The plaintiffs have not met that burden here.

The plaintiffs contend that the significant recovery for Mr. Mebane on his discrimination and state law claims justifies a large fee. But they have made no showing that the issues raised by his state law tort claims were factually intertwined with his wage

9

and hour claims,[4] and they do not appear to be. *See* Doc. 146 at ¶ 60-80, 123-169 (factual allegations, age discrimination claim, and state law claims).

The plaintiffs contend they are entitled to recover a reasonable fee even if it far exceeds the amount of the recovery. While that can be so, it does not excuse the plaintiffs from showing the requested fee is reasonable. No lawyer or law firm would need to spend over 2000 hours on a wage-and-hour case where something around $30,000 is at issue. As the defendant contends and the plaintiffs eventually acknowledge, the plaintiffs have included hours spent on certification issues, an issue on which the plaintiffs were ultimately unsuccessful. Doc. 253 at 7 n.9. There may well be cases where time spent on an unsuccessful class certification should be included in a reasonable fee because the facts or the law are intertwined. *See, e.g.*, *Hensley,* 461 U.S. at 436; *Williams v. Ests. LLC*, No. 19-CV-1076, 2022 WL 4120780, at *3–*4 (M.D.N.C. Sep. 9, 2022).[5] But more than a perfunctory argument and conclusory evidence is required before a court should require the defendants to pay the plaintiffs their attorneys' fees on an issue where the defendants ultimately prevailed. *See Hensley*, 461 U.S. at 434–37.

---

[4] In moving for attorneys' fees, the plaintiffs relied only on the fee-shifting provisions in the FSLA and the North Carolina Wage and Hour Act. *See* Doc. 234 at 11. Nowhere does the plaintiff make mention of fee-shifting provisions in any potentially relevant discrimination statutes.

[5] Here, there were also multiple amended complaints, several dispositive motions, and multiple discovery disputes. The Court will not attempt to catalog these matters, as they are obvious from even a cursory review of the docket. The plaintiffs have made no effort to address whether and to what extent those pleadings and disputes involved interrelated issues.

The defendant has suggested a fee of $65,000. Doc. 240 at 8. While not arbitrary, that figure is based on a percentage of the plaintiffs' total recovery. *Lyle* forbids that approach. *Lyle*, 954 F.2d at 988.

The Court has assessed whether it has enough evidence to make a rational decision about the amount of a reasonable fee on its own, but it does not. The initial evidence submitted by the plaintiff was wholly inadequate and would require the Court to speculate. Even if the Court considered the time records the plaintiff has provided, they are not helpful. Many of the time entries are conclusory and vague, and parsing through them to determine an appropriate fee would require many hours, especially given the complexity of the docket. Trial courts have no duty to "become green-eyeshade accountants," *Fox v. Vice*, 563 U.S. 826, 838 (2011), or to do work that a litigant has chosen not to do. *Landow*, 999 F.2d at 98.

Here, the plaintiffs made a tactical choice to submit the motion for attorneys' fees with limited evidence and without conferring with GKN, in violation of the Local Rules. Seeking a fee of almost a million dollars where they recovered only $30,000, they sidestepped their unambiguous burden of establishing a reasonable fee. Instead of forthrightly addressing how much time they spent on certification issues on which they were ultimately unsuccessful or of substantively showing such issues were interrelated in whole or in part, they attempted to avoid the problem. They filed their billing records under seal in a way that effectively concealed those records from GKN and without a motion to seal justifying such secrecy from the public. It would not be fair to GKN to give the plaintiffs a "do-over," thus obligating GKN to yet again respond to a motion for

11

attorneys' fees and then to pay the fees that the court awards. "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. The motion for attorneys' fees will be denied.

That said, the Court is open to a renewed motion if and only if (1) the parties agree on a reasonable fee, or (2) the plaintiffs seek an amount less than the amount the defendants have agreed was reasonable, *see* Doc. 240 at 8, and the plaintiffs support that request with appropriate evidence.

### C. Inadequacy of the Cost Petition

The evidentiary shortcomings of the plaintiffs' fee application are also present in their application for costs. The Fourth Circuit has stated that "the law is clear that no litigation costs should be awarded in the absence of adequate documentation." *Trimper v. City of Norfolk*, 58 F.3d 68, 77 (4th Cir. 1995). The plaintiffs have provided only a table summarizing the categories and amounts of the costs they incurred during this litigation. Doc. 234-1 at ¶ 65. This is the kind of unverified chart the Fourth Circuit refused to credit in *Trimper*. 58 F.3d at 77. The plaintiffs' offer to make the actual records "available for inspection if the Court requests," is insufficient and unavailing. The motion for costs will likewise be denied.

### III. Motion to Strike

As noted above, *supra* at 8-9, the plaintiffs filed additional exhibits alongside their reply brief in support of the motion for attorneys' fees. Docs. 244 through 249; Docs. 251 through 252. GKN moved to strike several of those exhibits. Doc. 256.

### A. Additional Affidavits

In support of the motion for attorneys' fees, plaintiffs' lead counsel initially provided a good bit of evidence about a reasonable hourly rate. Docs. 234-1 through 234-4. In opposition, GKN challenged the reasonableness of the claimed hourly rate. Doc. 240 at 17–19. With their reply brief, the plaintiffs submitted additional evidence to rebut GKN's evidence, in the form of six affidavits from attorneys who practice employment law. Docs. 244 through 249. These declarants addressed the reasonableness of plaintiffs' counsel's hourly rates and the amount and difficulty of work required to litigate cases similar to this one. *See, e.g.*, Doc. 244 at ¶¶ 6–8.

The plaintiffs' inclusion of these declarations was in response to the defendant's evidence contesting the plaintiffs' evidence about a reasonably hourly rate. *See* Doc. 240 at 17–19; Doc. 253 at 15. That was an appropriate subject for corroborating rebuttal evidence by the plaintiffs. *See* Doc. 234 at 20–24; *Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*, 744 F. Supp. 3d 430, 436 (M.D.N.C. 2024). Defendant's motion to strike Docs. 244 through 249 will be denied.

### B. Billing Records

With their reply brief, the plaintiffs also filed, under seal and for *in camera* review only, copies of billing records dating back to 2018. Docs. 251 through 252. Those records were filed under seal without an accompanying motion to seal, in violation of the Local Rules. LR 5.4(a); *see also* Doc. 269 (Order unsealing FLSA settlement agreement because, *inter alia*, the parties jointly failed to comply with LR 5.4(a)). The plaintiffs have made no showing to support denying public access to these judicial records. *See*

13

Case 1:18-cv-00892-CCE-LPA    Document 271    Filed 09/30/25    Page 13 of 16

*generally Gray Media Grp. v. Loveridge*, ___ F. 4th ___, 2025 WL 2679331, at *1 (4th Cir. Sept. 19, 2025).

Nor is this evidence appropriately considered rebuttal evidence. As detailed *supra* at, *inter alia*, pp. 7-8, the plaintiffs' initial evidence was conclusory and insufficient to support the request for almost a million dollars in attorneys' fees. This is not a case where the plaintiffs submitted detailed summaries of time spent and then sought to supplement the evidence with the billing records themselves in rebuttal, nor is it a case where the plaintiff was successful on all claims presented. The law required the plaintiffs to submit detailed evidence about the time they spent on the plaintiffs' case, and the plaintiffs did not do so. *Landow*, 999 F.2d at 97–98.

The plaintiffs cite *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.* for the proposition that billing records are not required. 675 F.2d 1319 (D.C. Cir. 1982) (per curiam); Doc. 253 at 8. That case does not support the plaintiffs' position. In fact, the D.C. Circuit specifically noted that "the fee application must also contain sufficiently detailed information about the hours logged and the work done," *Concerned Vets.*, 675 F.2d at 1327, and emphasized the importance of providing billing records. *Id.* at 1329 (noting that billing documentation "is essential in the calculation of the fee award").

Finally, by submitting the time records with their reply brief, the plaintiffs also made it difficult for GKN to address that evidence, since sur-replies are not allowed absent court order. *See Thomas-El v. Blatz*, No. 23-CV-746, 2025 WL 1410907, at *4 (M.D.N.C. May 15, 2025). Here, of course, GKN had no way to address that evidence since the plaintiffs filed them in a way that made them inaccessible to GKN.

As a general matter, the opposing party has a right to review and scrutinize attorney billing records when attorneys' fees are put at issue in a case, since "[t]ypically, the attorney-client privilege does not extend to billing records and expense reports." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999). If descriptions of work in the records are privileged, the proper recourse is redaction. *See Baker v. Borgwarner Morse Tec, Inc.*, No. 11-CV-505, 2012 WL 13026649, at *1 (S.D.W. Va. May 3, 2012) (Mag. J., order). To permit otherwise would deny the opposing party a fair hearing about the amount of attorneys' fees that party will become obligated to pay and would deny the Court the benefit of the adversarial process. Indeed, the case on which the plaintiffs rely, *Concerned Veterans,* holds that the opposing party "is entitled to the information it requires to appraise the reasonableness of the fee requested and in order that it may present any legitimate challenges to the application to the District Court." 675 F.2d at 1329.

Here, when the plaintiffs did file time records, they filed them in a way that made them inaccessible to GKN. They did this unilaterally, proffering them for *in camera* review only, without a motion to seal. Docs. 251 through 252. The Court declines that invitation.

For all of these reasons, GKN's motion to strike the time records at Docs. 251 and 252 will be granted.

It is **ORDERED** that:

    1. The plaintiffs' motion for attorney fees and costs, Doc. 233, is **DENIED**.

15

Case 1:18-cv-00892-CCE-LPA     Document 271     Filed 09/30/25     Page 15 of 16

2. The plaintiffs may file a renewed motion for attorney fees and costs within ten business days if and only if (1) the parties agree on a reasonable fee, or (2) the plaintiffs seek an amount less than the amount the defendants have agreed was reasonable, *see* Doc. 240 at 8, and the plaintiffs support that request with appropriate evidence.

3. The defendant's motion to strike plaintiffs' attorney declarations and exhibits, Doc. 256, is **GRANTED in part** and the Clerk shall **STRIKE** Docs. 251 and 252, the time records. The motion to strike is otherwise **DENIED**.

This the 30th day of September, 2025.

_____
UNITED STATES DISTRICT JUDGE