**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 25-2191**

───────────

JAMES MEBANE, on behalf of himself and all others similarly situated,

Plaintiff – Appellant,

and

ANGELA WORSHAM, on behalf of herself and all others similarly situated,

Plaintiff,

v.

GKN DRIVELINE NORTH AMERICA, INC.,

Defendant – Appellee.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:18-cv-00892-CCE-LPA)

───────────

Argued:  May 6, 2026                                    Decided:  June 2, 2026

───────────

Before NIEMEYER, THACKER, and RUSHING, Circuit Judges.

───────────

Dismissed by published opinion.  Judge Rushing wrote the opinion, in which Judge Niemeyer and Judge Thacker joined.

───────────

**ARGUED:**  Gilda Adriana Hernandez, LAW OFFICES OF GILDA A. HERNANDEZ, PLLC, Cary, North Carolina, for Appellant.  Paul DeCamp, EPSTEIN, BECKER & GREEN, P.C., Washington, D.C., for Appellee.  **ON BRIEF:**  Laura Fisher, THE LAW

OFFICES OF GILDA A. HERNANDEZ, PLLC, Cary, North Carolina, for Appellant. Adriana S. Kosovych, EPSTEIN, BECKER & GREEN, P.C., New York, New York, for Appellee.

———————————

RUSHING, Circuit Judge:

Plaintiff–Appellant James Mebane brought a class-action lawsuit against his former employer, Defendant GKN Driveline North America, Inc., alleging that violations of the Fair Labor Standards Act (FLSA) and the North Carolina Wage and Hour Act (NCWHA) resulted in unpaid overtime compensation and unpaid wages.  The district court certified two classes under Federal Rule of Civil Procedure 23 and conditionally certified an FLSA collective action.  After developments in the litigation, however, the court decertified the classes and the collective action.

Mebane now appeals the district court's decertification order.  But before he filed his notice of appeal, Mebane voluntarily settled his individual FLSA and NCWHA claims in the district court.  That means Mebane lacks standing to appeal the district court's decertification order.  As a result, we dismiss this appeal for lack of jurisdiction.

I.

A.

GKN operates three manufacturing facilities in North Carolina.  At all three facilities, GKN had a policy of rounding employees' time entries.  At first, GKN had a 7/8 rounding policy, under which "seven (7) minutes [would] round down and eight (8) minutes [would] round up" to the nearest quarter hour.  J.A. 302.  For example, if an employee's shift was scheduled to start at 6:00 a.m. and he clocked in at 6:07 a.m., his time entry would be rounded down to 6:00 a.m.  If he clocked in at 6:08 a.m., however, his time entry would be rounded up to 6:15 a.m.  Eventually, GKN changed its 7/8 rounding policy to a 3-minute rule.  Under that rule, GKN would round time entries to the scheduled start

3

of a shift if the employee clocked in within 3 minutes of the shift's scheduled start time. Similarly, if an employee clocked out within 3 minutes of the shift's scheduled end time, his time entry would be rounded to the shift's scheduled end. In January 2020, GKN stopped rounding time.

GKN also had a policy of automatically deducting meal breaks from employees' recorded time. Under that policy, GKN would automatically deduct a 30-minute, unpaid meal break from employees' recorded hours. Employees were not required to clock in and out when taking meal breaks, and the policy deducted the 30-minute breaks from employees' time without regard to whether employees took their break or continued working. But "employees [were] expected to be completely relieved of their work duties during breaks." J.A. 2301.

### B.

Plaintiffs James Mebane and Angela Worsham—both former GKN employees—sued GKN on behalf of themselves and others similarly situated.[1] They alleged in their operative complaint that GKN's rounding and automatic deduction policies resulted in "unpaid overtime compensation" and "unpaid wages," in violation of both the FLSA and the NCWHA.[2] J.A. 2169, 2188–2192.

---

[1] Worsham is not a party to this appeal.

[2] Mebane also asserted, on his own behalf, an Age Discrimination in Employment Act claim and several North Carolina common law claims. He settled those individual non-wage claims before the district court issued the decertification ruling at issue in this appeal.

4

Plaintiffs moved for class certification under Rule 23 and conditional collective action certification under 29 U.S.C. § 216(b).  The district court largely granted Plaintiffs' motion.  First, it conditionally certified an FLSA collective action based on GKN's rounding policy.  *See Mebane v. GKN Driveline N. Am., Inc.*, 337 F.R.D. 479, 485–486 (M.D.N.C. 2020).  Second, it certified a Rule 23(b)(3) class to pursue an NCWHA claim also based on GKN's rounding policy.  *Id.* at 492–494.  And third, it certified another Rule 23(b)(3) class, this one to pursue an NCWHA claim based on GKN's automatic deduction policy.  *See Mebane v. GKN Driveline N. Am., Inc.*, No. 1:18-cv-892, 2022 WL 3043655, at *4–7 (M.D.N.C. Aug. 2, 2022).

Eventually, GKN moved to decertify the classes and the collective action, and the district court granted GKN's motion.  *See Mebane v. GKN Driveline N. Am., Inc.*, No. 1:18-cv-892, 2023 WL 3435007 (M.D.N.C. May 12, 2023).  The court found that an FLSA collective action based on GKN's rounding policy would be unsustainable given the individualized inquiries that would be necessary to determine whether employees' rounded minutes were compensable and how many minutes were unlawfully deducted from each employee's time.  *Id.* at *4–5.  The district court also observed that, based on data from GKN's expert, it was "unclear" "whether all employees were even impacted by the rounding policy in a negative manner."  *Id.* at *6.  The court therefore decertified the FLSA collective action, and it decertified the Rule 23(b)(3) class based on GKN's rounding policy for the same reasons.  *Id.*  As for the Rule 23(b)(3) class based on the automatic deduction policy, the court found that a class action would be inappropriate given evidence that not all employees regularly worked during the automatically deducted 30-minute meal breaks.

5

*Id.* at *8. The court also found that individualized inquiries would be necessary to determine whether GKN supervisors actually or constructively knew that employees were working during the automatically deducted period. *Id.* For these reasons, the district court decertified the Rule 23(b)(3) class based on GKN's automatic deduction policy. *Id.* at *9.

After the classes and collective action were decertified, the case proceeded on Plaintiffs' individual FLSA and NCWHA claims. But in November 2024, Plaintiffs settled those claims. Specifically, the parties agreed that GKN would pay Plaintiffs a sum of money "which represent[ed] adequate consideration in full and final settlement of the claims released herein, but excluding Plaintiffs' counsel's fees and expenses which Plaintiffs' counsel [would] petition [for] separately" at a later date. ECF No. 231 at 2. The agreement's release provision in paragraph 7 stated:

> By signing this Agreement, Plaintiffs are generally waiving all remaining claims, whether or not raised in the litigation, with the exception of Plaintiffs' right to petition for attorneys' fees and costs, in addition to, appealing the Court's May 12, 2023 decertification order, including via substitute [sic] of named plaintiffs, to proceed accordingly with appeal.

*Id.* at 4 (citation omitted).

Paragraph 8 of the settlement agreement advised that Plaintiffs' counsel would petition for attorneys' fees and costs "no later than December 17, 2024." *Id.* And paragraph 9 made clear that "[t]he Parties specifically understand and agree that Plaintiffs preserve the right to appeal this Court's May 12, 2023 decertification order." *Id.* Lastly, paragraph 5 provided that "Plaintiffs retain the right to request a monetary service award in connection with" certain related cases. *Id.* at 3.

6

Plaintiffs petitioned for attorneys' fees and costs by the deadline provided in the settlement agreement, and GKN opposed the petition. Once the petition was fully briefed, the district court accepted the parties' settlement agreement in a consent judgment and dismissed all remaining substantive claims with prejudice. The court then denied Plaintiffs' petition for fees and costs without prejudice. Plaintiffs did not refile their petition for fees and costs. Mebane then appealed the district court's decertification order.[3]

## II.

Mebane's primary contention on appeal is that the district court abused its discretion in decertifying the FLSA collective action and the two Rule 23(b)(3) classes. He also takes issue with the standard the district court applied in evaluating the collective action, the timing of the court's Rule 23(c)(2)(B) notice for the automatic deduction class, and the court's reliance on declarations from current GKN employees. GKN defends the district court's conclusions on the merits. But it also argues that Mebane lacks standing to appeal the district court's decertification order because he voluntarily settled his FLSA and NCWHA claims. Because we agree with GKN that Mebane lacks standing to pursue this appeal, our discussion begins and ends with that issue.

"'To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review . . . .'" *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 105 (4th Cir. 1999) (quoting *Arizonans for Off. English v. Arizona*, 520 U.S.

---

[3] Mebane did not appeal the denial of his petition for attorneys' fees and costs.

43, 67 (1997)). "On appeal, just as at trial, a party must hold a concrete interest in the litigation to invoke the jurisdiction of the court." *Id.*

"The Supreme Court has recognized two such [concrete] interests in the class action context." *Id.* First, a class representative has a concrete interest "in the substantive claim he or she asserts." *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 99 (4th Cir. 2011). Second, a class representative may assert "a distinct procedural right to represent the interests of similarly situated individuals," *id.*, which can give rise to an interest "in shifting the costs of litigation to the remainder of the class," *Toms*, 179 F.3d at 105; *see Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 336–337 (1980). A plaintiff, however, can bargain these interests away "by negotiating a settlement agreement with the defendant." *Toms*, 179 F.3d at 105.

Following the Supreme Court's guidance, we have recognized that a plaintiff who *involuntarily* loses an interest in his substantive claims nevertheless may be able to rely on the "second, representative interest" to establish standing to appeal an adverse certification ruling. *Rhodes*, 636 F.3d at 99–100 (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402 (1980); *Roper*, 445 U.S. at 340); *see also Toms*, 179 F.3d at 106. But we have squarely held that "when a putative class plaintiff *voluntarily* dismisses the individual claims underlying a request for class certification," the second, representative interest cannot supply standing to appeal because "there is no longer a 'self-interested party advocating' for class treatment in the manner necessary to satisfy Article III standing requirements." *Rhodes*, 636 F.3d at 100 (emphasis added) (citing *Geraghty*, 445 U.S. at 403); *accord Microsoft Corp. v. Baker*, 582 U.S. 23, 45 (2017) (Thomas, J., concurring in

8

the judgment) ("Class allegations, without an underlying individual claim, do not give rise to a 'case' or 'controversy.'"); *see Geraghty*, 445 U.S. at 404 n.10 (reserving the question).

Applying these principles, Mebane lacks standing to appeal the district court's decertification order. In the settlement agreement, Mebane "generally waive[d] all remaining claims" in this suit. ECF No. 231 at 4. As Mebane concedes, that general waiver covered his substantive FLSA and NCWHA claims—i.e., the claims underlying the collective action and the Rule 23 classes. Mebane therefore has no remaining interest in his "substantive claim[s]" to establish standing to pursue this appeal. *Rhodes*, 636 F.3d at 99; *see Toms*, 179 F.3d at 105–106.

Nor can Mebane rely on any interest in shifting the costs of litigation to the remainder of the class or his contractual reservation of the right to appeal the decertification order, to seek attorneys' fees and costs, and to seek a service award in related cases. *Rhodes* categorically held that when a putative class plaintiff "has voluntarily settled or dismissed" his individual substantive claims, he no longer possesses "a sufficiently concrete interest in the certification question to satisfy the case-or-controversy requirement of Article III." 636 F.3d at 99; *see id.* at 100. Because Mebane voluntarily dismissed his individual claims underlying the request for class certification, he lacks standing to appeal the district court's decertification order. *Id.* at 100; *see Ruppert v. Principal Life Ins. Co.*, 705 F.3d 839, 844 (8th Cir. 2013) ("agree[ing] with" and adopting this Court's decision in *Rhodes*).

Mebane protests that, unlike the settlement agreement in *Toms* and the stipulation of dismissal in *Rhodes*, his settlement agreement with GKN explicitly preserved the right to appeal the decertification order, seek attorneys' fees and costs, and request a service

9

award in connection with related cases.  According to Mebane, our inquiry turns on the language of the parties' settlement agreement, and because he purported to preserve some interests in having the decertification order reversed, he has standing to appeal.

*Rhodes* directly forecloses Mebane's assertion.  It is true that, there, the Court contrasted the terms of the parties' stipulated dismissal with the language of the settlement agreement in *Toms*.  *See Rhodes*, 636 F.3d at 100.  The plaintiff in *Toms* released all his individual claims and class-based interests, whereas the stipulation in *Rhodes* dismissed the plaintiffs' individual claims without mentioning their representative interests.  *See id.*; *Toms*, 179 F.3d at 105–107.  Yet the *Rhodes* Court ultimately rejected the idea "that the language of a plaintiff's settlement agreement is determinative of that plaintiff's 'stake' in an appeal," concluding instead that the Court must "focus [its] review on the standing requirements of Article III."  636 F.3d at 100.  The Court then broadly held that a plaintiff who "voluntarily dismisses the individual claims underlying a request for class certification" has no standing to appeal a district court's class certification ruling.  *Id.*  That holding in no way depended on the language of the parties' stipulated dismissal.  *Rhodes* controls here, and Mebane therefore lacks standing to appeal the district court's decertification of the Rule 23(b)(3) classes.

To be sure, *Rhodes* dealt only with Rule 23 class actions.  It did not address whether a plaintiff who voluntarily dismisses individual claims underlying an FLSA collective action lacks standing to appeal an adverse certification ruling.  That said, *Rhodes*'s logic applies equally to a representative plaintiff appealing an adverse certification ruling in an FLSA collective action.  The Third Circuit, citing *Rhodes*, has held that the lead plaintiff

10

in an FLSA collective action "extinguishe[s] . . . any residual representational interest that [he] may have once had" by voluntarily dismissing his individual claims with prejudice. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 247 (3d Cir. 2013) (citing *Rhodes*, 636 F.3d at 100; *Ruppert*, 705 F.3d at 844). Given our decision in *Rhodes*, we agree and conclude that Mebane also lacks standing to appeal the district court's decertification of the FLSA collective action.

III.

For the foregoing reasons, Mebane lacks standing to appeal the district court's order decertifying the two Rule 23(b)(3) classes and the FLSA collective action. We therefore dismiss this appeal for lack of jurisdiction.

*DISMISSED*

11